**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PAMULA ROBINSON                )
3902 71st Avenue               )
Hyattsville, MD 20784,         )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. _____
                               )
JOHN W. SNOW                   )
SECRETARY OF THE TREASURY,     )
1500 Pennsylvania Ave., N.W.   )
Washington, DC 20220           )
                               )
        Defendant.             )
_____)

**COMPLAINT**

1.    Plaintiff Pamula Robinson, by and through undersigned
counsel, hereby files this civil action against Defendant John
W. Snow, Secretary of the Treasury, in his official capacity
only, pursuant to Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. § 2000e et seq., and seeks relief pursuant
to Title VII and Section 102 of the Civil Rights Act of 1991,
42 U.S.C. § 1981a, for harms caused to Plaintiff by Defendant's
unlawful discrimination against her on the basis of her race
(African American), when Defendant denied Plaintiff (a GS-13
Program Analyst) a promotion to the GS-14 Senior Program Analyst
position advertised in Vacancy Announcement APB-03-138MM.
Plaintiff requests as relief: an immediate retroactive
appointment to a GS-14 Senior Program Analyst position, with
full back pay and benefits, maximum compensatory damages,
declaratory and injunctive relief, and attorney fees, costs, and

expenses, in order to remedy Defendant's unlawful acts.

## PARTIES

2.   Plaintiff Pamula Robinson, a citizen of the United States, is a GS-343-13 Program Analyst in the Tax Policy and Procedures Division of the Office of Appeals at the Internal Revenue Service ("IRS"), a component of the United States Department of the Treasury, with over 30 years of government service and 15 years of experience as a GS-13 Program Analyst with the IRS.  She resides at 3902 71st Avenue, Hyattsville, MD 20784.

3.   Defendant John W. Snow is Secretary of the Treasury and the head of the United States Department of the Treasury, and as such, has ultimate authority over the actions of the IRS. Defendant is sued in his official capacity only.  His address is 1500 Pennsylvania Avenue, N.W., Washington, DC 20220.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

5.   Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 1981a.

6.   This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).  The majority of the discriminatory acts took place in the District of Columbia.

7.   Ms. Robinson timely initiated contact with Defendant's

Equal Employment Opportunity ("EEO") Office on July 10, 2003, regarding her claim of discrimination (Agency Case No. 04-2002). She was notified of her right to file a formal discrimination complaint by letter dated September 26, 2003. Ms. Robinson then timely filed her formal discrimination complaint on October 2, 2003. After completing its Report of Investigation ("ROI") on Plaintiff's formal complaint, Defendant issued a letter dated July 27, 2004, to Ms. Robinson authorizing her to request an Equal Employment Opportunity Commission ("EEOC") hearing, which she timely did on August 17, 2004. However, an EEOC hearing has not been held, and Plaintiff files the present Complaint more than 180 days after filing her formal EEO complaint. See 42 U.S.C. § 2000e-16(c).

## FACTS

8.  Ms. Robinson is a highly qualified, GS-13 Program Analyst, with a B.A. in Business Administration from the University of Maryland (1974). She also has extensive additional training and certification beyond her degrees, including the successful completion of courses such as Tax Auditor Phases 1-3, Revenue Agent Phase III & IV, Appeals Officer Training, EEO Counselor's Training, Basic Instructor Training, and Partnership Taxation 1.

9.  Ms. Robinson, who began working in 1975 at the U.S. General Accounting Office, has devoted 29 years of service to the IRS, including 15 years in the Tax Policy and Procedures

3

Division of the Office of Appeals ("Appeals Office"), located
in Washington, D.C.  Ms. Robinson served as a Tax Auditor and
Tax Auditor Manager from 1975 to 1985, during which time she
earned a series of rapid promotions from the GS-5 level to the
GS-11 level before moving to the Examinations Division of the
IRS as a GS-11 Supervisory Tax Technician from 1985 to 1987.
Ms. Robinson served as a GS-12 Appeals Officer from 1987 to
1989, and served as an EEO Counselor as a collateral duty for
four years.

        10.  Ms. Robinson has served as GS-343-13 Program Analyst
in the Appeals Office of the IRS since 1989.  As a Program
Analyst, Ms. Robinson assesses and administers the program
policies, procedures, and practices with which the Appeals
Officers and other Appeals employees in the field must operate.
During her tenure with the IRS, Ms. Robinson has been
responsible for initiating programs, advising and assisting
field personnel, conducting training and counseling sessions,
monitoring and evaluating employees' performance, and planning,
implementing, administering, and monitoring assigned programs.

        11.  Among her many duties, Ms. Robinson has designed and
initiated new programs, coordinated the IRS's "Killed in
Terrorist Action" cases, and served as the Commissioner for
Congressional Correspondence, a Group Training Coordinator, and
the Appeals Office's contact person and representative for
various agency programs and teams.  Ms. Robinson also served as

the Combined Federal Campaign 2000 and 2001 Coordinator for the Appeals Office, a program that surpassed its goal by more than 200% and earned the Appeals Office the President's Award.   In addition, as a GS-13, Ms. Robinson has served as the Coordinator for the Employment Tax program, the Interest Abatement program, the Administrative Costs program, and the Electronic Research program.

12.  At the time of the non-selection at issue in this Complaint, Ms. Robinson had almost 30 years of professional experience and nearly 13 years of service as a GS-13 Program Analyst.   Her performance rating at the time Defendant discriminatorily denied her the GS-14 position was "Exceeds Fully Successful," with an average score of 4.4 out of five for her performance on critical elements.  Ms. Robinson's supervisor stated that as an employee, Ms. Robinson volunteered for several assignments and that she improved the work environment for the Appeals Office employees.  Her supervisor also found her to be very knowledgeable about her program area.  He also noted that she provided excellent technical guidance and responses to taxpayers and that Ms. Robinson's clients expressed confidence in her.  He described her work as careful and thorough and stated that she completed her assignments on time, managed her workload without assistance, and sought timely reviews.

13.  As a GS-13 employee, Ms. Robinson has also repeatedly served in or performed the duties of positions that were

previously and subsequently filled or performed by white GS-14
employees.  For example, between 1994 and 1998, as a GS-343-13
Program Analyst, Ms. Robinson served as the coordinator for the
Technical Analyst program and performed the duties she would
have been expected to perform had she been selected to fill the
GS-14 Senior Program Analyst position advertised in Vacancy
Announcement APB-03-138MM, the position at issue in this
Complaint.  In 1998, as a result of a restructuring of the
Appeals Office, the Technical Analyst program was moved to its
present location in another service, "Tax Policy & Procedure
LMSB and TE/GE," at the Office of Appeals; and a GS-343-14 white
employee assumed Ms. Robinson's duties.  On information and
belief, at all times prior to the issuance of Vacancy
Announcement APB-03-138MM, the coordinator for the Technical
Analyst program has always been a 343 series employee.

14.  While serving in this position, and throughout her
tenure as a GS-13 Program Analyst, Ms. Robinson has consistently
received an "Exceeds Fully Successful" rating and glowing
reviews from her supervisors.  She has also been the recipient
of several performance awards and letters of commendation,
including, in 2000, a Deputy Commissioner's Award, the highest
award the Deputy Commissioner of the IRS has the authority to
issue.

15.  Despite Ms. Robinson's qualifications, experience, and
fully successful performance, she has been denied a promotion

to a GS-14 position on at least nine occasions since 1998.

16.  On information and belief, over the last 13 years, no African American GS-13 employee within the Office of Appeals in Washington, D.C. has been promoted to a GS-14 position, and there has been only one such promotion nationally among the various Appeals Office employees.  By contrast, at least seven white GS-13 employees from the Office of Appeals in Washington, D.C. have been promoted to GS-14 positions during that time period.

17.  On May 15, 2003, Ms. Robinson applied for the GS-512-14 Senior Program Analyst position advertised in Vacancy Announcement APB-03-138MM, which had been changed from a 343 series to a 512 series position as a pretext for denying her the position.  Despite Ms. Robinson's qualifications, experience, and fully successful performance, on July 9, 2003, Defendant denied her this promotion.

18.  Despite her extensive background and experience, her superb performance as a GS-13 Program Analyst, and her prior work performing the duties required for the Senior Program Analyst vacancy, Ms. Robinson was not considered for the position solely because it had been discriminatorily reclassified as part of the 512 series.

19.  Ms. Robinson's training and experience clearly exceeded that of the only other candidate, white selectee Sheila E. Jones.  Like Ms. Robinson, Ms. Jones had been performing the

7

duties of a 343 series Program Analyst, but unlike Ms. Robinson, she was working in the St. Louis Field Office and had never coordinated the Technical Analyst program at the Washington, D.C. Headquarters. (Ms. Jones claimed some 512 series experience in her background, but this was not relevant to the Technical Analyst vacancy, which had always been a series 343 position.) In fact, while Ms. Robinson served as the Coordinator for the Technical Analyst program between 1994 and 1998, Ms. Jones worked as an Appeals Officer and took her directives from the Technical Analyst program directed by Ms. Robinson.

20. On information and belief, the IRS official who was responsible for requesting Vacancy Announcement APB-03-138MM and reclassifying the position was David M. Gerber (white). The selecting official, Beverly Ortega Babers, was Ms. Jones' second-level supervisor. Defendant's ROI on Plaintiff's formal EEO complaint does not contain any statements or interview notes from either Mr. Gerber or Ms. Ortega Babers.

21. Both Mr. Gerber and Ms. Ortega Babers knew Ms. Robinson and knew that she was African American, but rather than select Ms. Robinson, who was more qualified, they selected Ms. Jones, Defendant's preferred white candidate.

22. Defendant's reclassification of the Senior Program Analyst position from a 343 series to a 512 series, ensuring that only Ms. Jones would be deemed eligible, was a pretext for discriminating against Ms. Robinson.

23.  Defendant also violated its personnel procedures by allowing Ms. Jones to submit an untimely performance appraisal that the selecting officials, Mr. Gerber and Ms. Ortega Babers, issued to her after the close of the vacancy announcement.  In issuing and considering this untimely performance appraisal despite the obvious conflict of interest, Mr. Gerber and Ms. Ortega Babers displayed an overt bias against Ms. Robinson.

## CAUSE OF ACTION

24.  Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Pamula Robinson on the basis of her race by denying her a promotion to the position of Senior Program Analyst, GS-512-14, advertised in Vacancy Announcement APB-03-138MM from May 5, 2003 to May 19, 2003, in violation of its own personnel procedures and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e.

## RELIEF REQUESTED

25.  Plaintiff requests the following relief:

a.  Immediate appointment of Plaintiff to the GS-14 position of Senior Program Analyst in the Tax Policy and Procedures Division of the Office of Appeals at the Internal Revenue Service, or an agreeable equivalent position, with the appointment being retroactive to the date of discrimination;

b.  Full back pay, with interest, and back benefits for the period of Plaintiff's non-promotion to the date of judgment;

c.  Maximum compensatory damages to which Plaintiff is entitled after proof at trial;

d.  Appropriate record correction consistent with the facts of this case and the above requested relief;

e.  An Injunction enjoining Defendant from discriminating against any employee, including Plaintiff, on the basis of race, with appropriate notices of the injunction posted Office of Appeals, Tax Policy and Procedures Division of the Internal Revenue Service, in Washington, D.C.;

F.  The reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, costs, and expenses of this action; and

G.  Such other relief as the Court deems just and appropriate.

### **JURY TRIAL**

26.  Plaintiff requests a trial by jury on all issues that are triable by jury.

_____
JOSEPH D. GEBHARDT
   (DC Bar No. 113894)
CHARLES W. DAY, JR.
   (DC Bar No. 459820)
MARK A. DANN
   (DC Bar No. 484523)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

June 20, 2005                    Attorneys for Plaintiff


LAW STUDENT ASSISTANT:
Ena Marwaha