```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,                      )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )Civil Action No.05-1212 RBW
                                      )
JOHN W. SNOW, Secretary of Treasury   )
   of the United States of America,   )
                                      )
        Defendant.                    )
_____)
```

## ANSWER

Comes now, the Secretary of Treasury, in his official capacity, see Complaint at 1,(hereinafter, "Defendant"), by and through undersigned counsel, and answers plaintiff's Complaint and states as follows:

## FIRST DEFENSE

Defendant responds to the enumerated allegations under each Section of the Complaint by the corresponding enumerated Paragraphs and Sections below:

1. This paragraph constitutes Plaintiff's characterization of her claims, a question of law to which no response is required. To the extent that a response is deemed required, Defendant admits that plaintiff purports to bring this action under Title VII of the Civil Right Act of 1964 and the Civil Rights Act of 1991, but denies that plaintiff suffered any unlawful discrimination in employment with the United States Government and that she is entitled to any relief in this action.

2. Admit to extent that Plaintiff is a GS-343-13 Program Analyst in the Tax Policy and Procedures Division of the Office of Appeals at the Internal Revenue Service ("IRS") and a citizen of the United States, residing in Hyattsville, MD. Defendant has insufficient information to admit or deny the remaining allegations in this paragraph; accordingly they are denied.

3-5. Admit.

6. Venue involves a question of law to which no response is required. To the extent that a response is deemed required, Defendant denies that any unlawful employment practices alleged in the Complaint occurred and that the cited venue provision applies to this action. Defendant denies that any of its policy decisions violated federal law.

7. Defendant admits the allegations in this paragraph and further avers as follows: 1) on May 5, 2005, the EEOC issued a Notice Of Intent To Issue Decision Without A Hearing; 2) in response, on May 20, 2005, the IRS submitted a Motion For Findings And Conclusions Without Hearing; and 3) on June 20, 2005, Plaintiff requested that her EEOC case be dismissed.

8. Defendant admits that Plaintiff is a GS-13 Program Analyst and has had training in courses including Tax Auditor Phases 1-3, Revenue Agent Phase III & IV, Appeals Officer Training, EEO Counselor's Training, Basic Instructor Training, and Partnership Taxation 1; but Defendant has insufficient

information to admit or deny the remaining allegations in this paragraph regarding Plaintiff's additional training and degree; accordingly they are denied. The remaining allegations in this paragraph are plaintiff's characterizations of her qualifications and the extent of her training rather than averments of fact to which a response is required. To the extent that a response is deemed required these characterizations are denied.

    9. Defendant admits that Plaintiff began working in 1975 at the U.S. General Accounting Office, has worked for 15 years in the IRS' Tax Policy and Procedures Division of the Office of Appeals located in Washington, DC. Defendant admits that Plaintiff served as a Tax Auditor and tax Auditor Manager at various times between 1975 and 1985, during which times she was promoted from the GS-5 level to the GS-11 lever before moving to the Examinations Division of the IRS as a GS-11 Supervisory Tax Technician from 1985 to 1987. The remaining allegations in the first two sentences of this paragraph are plaintiff's characterizations regarding the length of her employment and speed of her promotions rather than averments of fact to which a response is required. To the extent that a response is deemed required these characterizations are denied. The third sentence of this paragraph is admitted.

    10. Defendant admits the allegation in the first sentence of this paragraph that Plaintiff is a GS-343-13 Program Analyst

in the Appeals Office of the IRS.  Defendant denies the Plaintiff's characterizations in the second and third sentences of this paragraph regarding job duties and responsibilities.

11.  The characterizations of Plaintiff's work duties in this paragraph are denied.

12.  Defendant denies that Plaintiff was discriminatorily denied a GS-14 position.  The remainder of the paragraph regarding Plaintiff's evaluation is admitted.

13.  Defendant denies that Plaintiff has served in or performed the duties of positions that were previously and subsequently filed or performed by white GS-14 employees. Defendant denies that from 1994-1998 the Plaintiff performed the duties she would have been expected to perform had she been selected to fill the GS-14 position at issue.  The remainder of this paragraph contains Plaintiff,s legal characterization of her case; to the extent that a response may be deemed required, the characterizations are denied.

14.  Admit to extent that Plaintiff has performed successfully as a GS-13 Program Analyst and has received performance awards and letters of commendation for her work.

15.  Defendant has insufficient information to admit or deny how many times the Plaintiff has applied for promotions since 1998.  Defendant, however, admits that Plaintiff is currently a GS-13 Program Analyst.

16-18.  Denied.

19.  Defendant denies that Plaintiff's qualifications exceeded those of Shelia Jones, who was selected for the position at issue.  Defendant further denies that Ms. Jones occupied the position of a GS 343 series; rather, Ms. Jones occupied a GS 512 series position.  With respect to the third sentence in the paragraph, Defendant denies that Ms. Jones 512 series experience was not relevant to the vacancy in that 512 series experience was required to even apply for the vacancy.  The fourth sentence in the paragraph is admitted to the extent that Ms. Robinson helped coordinate the Technical Analyst Program; however, the Agency denies Ms. Robinson's characterization.  Ms. Robinson was writing procedural guidance for the program, which was subject to managerial review and approval.  As a field employee, Ms. Jones then coordinated with the national office to implement that guidance.

20.  Deny to extent that David Gerber was not responsible for reclassifying the position; rather, the IRS Position Management and Classification Branch classified the position at issue.  With respect to the second sentence in this paragraph, defendant admits that Beverly Ortega Babers was the selecting official, but denies that she was Plaintiff's second-level supervisor.  With respect to the third sentence in this paragraph, defendant admits that the agency's copy of the Report

of Investigation does not contain statements from David Gerber or Beverly Ortega Babers.

21. Defendant admits that Mr. Gerber and Ms. Babers knew that the Plaintiff was African-American, but denies that Plaintiff was more qualified than Ms. Jones, or that Ms. Jones was preferred due to race.

22-23. Denied.

24. This paragraph contains Plaintiff's legal characterizations of her case. To the extent that an answer is required, Defendant denies having engaged in any unlawful discrimination in its selection for the vacancy at issue.

In response to the remaining allegations in the complaint, these allegations constitute a prayer for relief, which requires no response. To the extent that a response is deemed necessary, however, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by 42 U.S.C. § 1981a, and that exemplary or punitive damages may not be awarded in this action. Defendant denies each and every

allegation contained in the complaint not specifically admitted herein.

                    Respectfully submitted,

                    _____
                    KENNETH L. WAINSTEIN, DC Bar #451058
                    United States Attorney

                    _____
                    R. CRAIG LAWRENCE, DC Bar #171538
                    Assistant United States Attorney

                    _____
                    W. MARK NEBEKER, DC Bar #396739
                    Assistant United States Attorney

OF COUNSEL:

Jennifer L. Vergne
Attorney
IRS Office of Chief Counsel
CC:GLS:WAS
950 L'Enfant Plaza, SW
2nd Floor
Washington, DC 20024

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 4th day of October, 2005.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230