UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,                      )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )Civil Action No.05-1212 RBW
                                      )
JOHN W. SNOW, Secretary of Treasury   )
  of the United States of America,    )
                                      )
          Defendant.                  )
_____)

AMENDED ANSWER[1]

Comes now, the Secretary of Treasury, in his official

capacity, see Complaint at 1,(hereinafter, "Defendant"), by and

through undersigned counsel, and answers plaintiff's Complaint

and states as follows:

FIRST DEFENSE

Defendant responds to the enumerated allegations under each

Section of the Complaint by the corresponding enumerated

Paragraphs and Sections below:

1.   This paragraph constitutes Plaintiff's characterization

of her claims, a question of law to which no response is

required.  To the extent that a response is deemed required,

Defendant admits that plaintiff purports to bring this action

under Title VII of the Civil Right Act of 1964 and the Civil

_____

[1]  This amended answer differs from the initial answer only
in that the second sentence of paragraph 20 is now admitted.

-1-

Rights Act of 1991, but denies that plaintiff suffered any

unlawful discrimination in employment with the United States

Government and that she is entitled to any relief in this action.

2.   Admit to extent that Plaintiff is a GS-343-13 Program

Analyst in the Tax Policy and Procedures Division of the Office

of Appeals at the Internal Revenue Service ("IRS") and a citizen

of the United States, residing in Hyattsville, MD.  Defendant has

insufficient information to admit or deny the remaining

allegations in this paragraph; accordingly they are denied.

3-5.  Admit.

6.   Venue involves a question of law to which no response is

required.  To the extent that a response is deemed required,

Defendant denies that any unlawful employment practices alleged

in the Complaint occurred and that the cited venue provision

applies to this action.  Defendant denies that any of its policy

decisions violated federal law.

7.   Defendant admits the allegations in this paragraph and

further avers as follows: 1) on May 5, 2005, the EEOC issued a

Notice Of Intent To Issue Decision Without A Hearing; 2) in

response, on May 20, 2005, the IRS submitted a Motion For

Findings And Conclusions Without Hearing; and 3) on June 20,

2005, Plaintiff requested that her EEOC case be dismissed.

8.   Defendant admits that Plaintiff is a GS-13 Program

Analyst and has had training in courses including Tax Auditor

Phases 1-3, Revenue Agent Phase III & IV, Appeals Officer

Training, EEO Counselor's Training, Basic Instructor Training,

and Partnership Taxation 1; but Defendant has insufficient

information to admit or deny the remaining allegations in this

paragraph regarding Plaintiff's additional training and degree;

accordingly they are denied.  The remaining allegations in this

paragraph are plaintiff's characterizations of her qualifications

and the extent of her training rather than averments of fact to

which a response is required.  To the extent that a response is

deemed required these characterizations are denied.

   9.  Defendant admits that Plaintiff began working in 1975 at

the U.S. General Accounting Office, has worked for 15 years in

the IRS' Tax Policy and Procedures Division of the Office of

Appeals located in Washington, DC.  Defendant admits that

Plaintiff served as a Tax Auditor and tax Auditor Manager at

various times between 1975 and 1985, during which times she was

promoted from the GS-5 level to the GS-11 lever before moving to

the Examinations Division of the IRS as a GS-11 Supervisory Tax

Technician from 1985 to 1987.  The remaining allegations in the

first two sentences of this paragraph are plaintiff's

characterizations regarding the length of her employment and

speed of her promotions rather than averments of fact to which a

response is required.   To the extent that a response is deemed

required these characterizations are denied.   The third sentence

of this paragraph is admitted.

10.   Defendant admits the allegation in the first sentence

of this paragraph that Plaintiff is a GS-343-13 Program Analyst

in the Appeals Office of the IRS.   Defendant denies the

Plaintiff's characterizations in the second and third sentences

of this paragraph regarding job duties and responsibilities.

11.   The characterizations of Plaintiff's work duties in

this paragraph are denied.

12.   Defendant denies that Plaintiff was discriminatorily

denied a GS-14 position.   The remainder of the paragraph

regarding Plaintiff's evaluation is admitted.

13.   Defendant denies that Plaintiff has served in or

performed the duties of positions that were previously and

subsequently filed or performed by white GS-14 employees.

Defendant denies that from 1994-1998 the Plaintiff performed the

duties she would have been expected to perform had she been

selected to fill the GS-14 position at issue.   The remainder of

this paragraph contains Plaintiff,s legal characterization of her

case; to the extent that a response may be deemed required, the

characterizations are denied.

14.   Admit to extent that Plaintiff has performed

-4-

successfully as a GS-13 Program Analyst and has received

performance awards and letters of commendation for her work.

15.  Defendant has insufficient information to admit or deny

how many times the Plaintiff has applied for promotions since

1998.  Defendant, however, admits that Plaintiff is currently a

GS-13 Program Analyst.

16-18.  Denied.

19.  Defendant denies that Plaintiff's qualifications

exceeded those of Shelia Jones, who was selected for the position

at issue.  Defendant further denies that Ms. Jones occupied the

position of a GS 343 series; rather, Ms. Jones occupied a GS 512

series position.   With respect to the third sentence in the

paragraph, Defendant denies that Ms. Jones 512 series experience

was not relevant to the vacancy in that 512 series experience was

required to even apply for the vacancy.  The fourth sentence in

the paragraph is admitted to the extent that Ms. Robinson helped

coordinate the Technical Analyst Program; however, the Agency

denies Ms. Robinson's characterization.  Ms. Robinson was writing

procedural guidance for the program, which was subject to

managerial review and approval.  As a field employee, Ms. Jones

then coordinated with the national office to implement that

guidance.

20. Deny to extent that David Gerber was not responsible for reclassifying the position; rather, the IRS Position Management and Classification Branch classified the position at issue. The second sentence in this paragraph is admitted. With respect to the third sentence in this paragraph, defendant admits that the agency's copy of the Report of Investigation does not contain statements from David Gerber or Beverly Ortega Babers.

21. Defendant admits that Mr. Gerber and Ms. Babers knew that the Plaintiff was African-American, but denies that Plaintiff was more qualified than Ms. Jones, or that Ms. Jones was preferred due to race.

22-23. Denied.

24. This paragraph contains Plaintiff's legal characterizations of her case. To the extent that an answer is required, Defendant denies having engaged in any unlawful discrimination in its selection for the vacancy at issue.

In response to the remaining allegations in the complaint, these allegations constitute a prayer for relief, which requires no response. To the extent that a response is deemed necessary, however, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further avers that any award of compensatory damages for Plaintiff's claims would be subject to and limited by

42 U.S.C. § 1981a, and that exemplary or punitive damages may not

be awarded in this action.  Defendant denies each and every

allegation contained in the complaint not specifically admitted

herein.


                              Respectfully submitted,


                              _____
                              KENNETH L. WAINSTEIN, DC Bar #451058
                              United States Attorney


                              _____
                              R. CRAIG LAWRENCE, DC Bar #171538
                              Assistant United States Attorney


                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
OF COUNSEL:

Jennifer L. Vergne
Attorney
IRS Office of Chief Counsel
CC:GLS:WAS
950 L'Enfant Plaza, SW
2nd Floor
Washington, DC 20024

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 7th day of October, 2005.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230