```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

PAMULA ROBINSON,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              ) Civil Action No. 05-1212 (RBW)
                                    )
JOHN W. SNOW                        )
SECRETARY OF THE TREASURY,          )
                                    )
        Defendant.                  )
_____)

## JOINT MEET AND CONFER STATEMENT

Pursuant to Rule 16.3 of the Local Rules, counsel for Plaintiff Pamula Robinson and Defendant John W. Snow conferred by telephone on November 9, 2005; and as a consequence of this conference, the parties, by and through their undersigned counsel, hereby file this Joint Statement and report as follows:

**Plaintiff's Statement of Facts and Legal Basis:**

Plaintiff Pamela Robinson is a highly qualified employee of the Tax Policy and Procedures Division of the Internal Revenue Service ("IRS") with over 30 years of experience. For the past 15 years, Ms. Robinson has sought a promotion from her position as GS-343-13 Program Analyst, a promotion she clearly deserves in light of her successful record of performance, her long experience, and her excellent qualifications. Despite her excellent qualifications, Ms. Robinson has repeatedly been

denied promotions because of her race (African American). In a transparent pretext for discrimination, Defendant has repeatedly classified new positions in order to exclude Ms. Robinson for technical reasons, even for positions whose responsibilities she has previously successfully held and performed. In the case of the specific vacancy at issue in this Complaint, Defendant chose a less qualified white woman for the position.

**Defendant's Statement of Facts and Legal Basis:**

Plaintiff did not qualify for the GS-0512 series vacancy for which she applied. Indeed, Plaintiff does not dispute the fact that she did not qualify for the GS-0512-14 position advertised; rather, she has alleged that the vacancy was announced in a manner which would preclude her application. There is no evidence to support this allegation. Indeed, the persons involved in the announcement or selection of the GS-0512 series position did not know Plaintiff or her race. Sheila Jones was selected for the position because she was the only qualified applicant.

(1) **Dispositive Motions.** Plaintiff does not believe this case can be resolved by dispositive motion; Defendant believes it can. The parties have agreed to bifurcate discovery into two phases: phase one would be limited solely to the

2

issue of liability and phase two would be open for discovery on any issue including damages, liability matters, and any expert discovery. The parties agree to postpone any dispositive motions until after the first phase of discovery is complete, and to begin phase two of discovery 30 days after phase one if no dispositive motion is filed or upon decision of any dispositive motion.

(2) (a) **Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties. Plaintiff has two similar and related EEO cases pending; Agency Case No. 05-2501: formal complaint filed July 20, 2005; request for amendment filed August 16, 2005. Plaintiff intends to seek leave to amend or consolidate her District Court Complaint to include these claims on January 16, 2006, 180 days after filing her formal EEO administrative complaint pursuant to 29 C.F.R. § 1614.407(b). Defendant reserves the right to address the issue at the appropriate time.

(b) **Agreement as to Factual and Legal Issues.** Neither party believes the legal or factual issues can be narrowed at this time, but will work together toward that end going forward.

(3) **Assignment to Magistrate Judge.** Neither party agrees to have this case referred to a Magistrate Judge for all purposes. However, the parties may request a referral to a Magistrate Judge for case evaluation and settlement discussions in the future.

(4) **Prospects of Settlement.** The parties believe there may be a possibility of settlement after some discovery has been taken, and that further informal discussions on this point may be beneficial before incurring the costs associated with phase two of the bifurcated discovery and other litigation.

(5) **Alternate Dispute Resolution (ADR).** The parties have discussed ADR with their clients, and they may request that this case be referred to a Magistrate Judge for settlement discussions after engaging in informal settlement negotiations and prior to initiating phase two of the bifurcated discovery.

(6) **Resolution by Dispositive Motions.** Plaintiff does not believe this case can be resolved by dispositive motion; Defendant believes it can. The parties agree that any motions for summary judgment should be filed within 30 days

4

after the close of phase one of the bifurcated discovery, that oppositions or cross-motions be filed 30 days thereafter, and that any replies be filed 20 days after the filing of the oppositions or cross-motions.

(7) **Initial Disclosures.** The parties have agreed to exchange Initial Disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before December 22, 2005.

(8) **Limitations on Discovery.** As stated previously, the parties would like discovery to be bifurcated into two phases, and propose to divide their discovery accordingly.

(a) **Number of Interrogatories.** Twenty-five (25) per side.

(b) **Number of Depositions.** Ten (10) per side, provided that separate depositions of witnesses deposed in phase two who have already been deposed in phase one (as to liability) are i) permitted even though taking place on separate days, and ii) to be counted only as a single deposition encompassing both days.

(c) **Duration of Depositions.** Seven (7) hours total for each deponent unless otherwise agreed by counsel for the parties.

5

(d) **Need for Protective Order.** The parties may submit an appropriate Protective Order to protect sensitive personal and/or medical information that may be exchanged.

(e) **Date for Completion of Discovery.** The parties believe that a total of one hundred and fifty (150) days of discovery is in order. They propose that the discovery period begin on the first day after the Court issues its Scheduling Order and that it be divided up into two phases, with the first ninety (90) days (phase one) being dedicated to phase one of the bifurcated discovery, which should be limited solely to the issue of liability, and the final sixty (60) days being dedicated to phase two, which should include discovery on any issues including damages, liability, and any expert discovery.

(9) **Exchange of Expert Witness Information.** If expert witnesses are required, the parties have agreed to exchange expert witness reports and information during phase two of the bifurcated discovery.

(a) **Proponent's Disclosures:** Fifteen (15) days after the beginning of phase two of the bifurcated discovery.

6

> (b) **Opponent's Disclosures:** Thirty (30) days after proponent's disclosure(s).

(10) **Class Action Procedures.** Not applicable.

(11) **Bifurcation of Trial and/or Discovery.** Neither party believes that the trial should be bifurcated. However, as stated above, they propose to bifurcate discovery into two phases: phase one would last 90 days and would be limited solely to the issue of liability, and phase two would last 60 days and would be open to any issue including damages, liability, and any expert discovery. The parties agree that phase two should begin 30 days after phase one if no dispositive motion is filed or upon decision of any dispositive motion that is filed.

(12) **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference for approximately 60 days after the conclusion of phase two of the bifurcated discovery.

(13) **Trial Date.** The parties request that a trial date be set at the pretrial conference.

(14) **Other Issues.** The parties are not aware of any other issues that would be appropriate for inclusion in a

7

scheduling order.

Respectfully submitted,

___/s/___
JOSEPH D. GEBHARDT
   (D.C. Bar No. 113894)
CHARLES W. DAY, JR.
   (D.C. Bar No. 459820)
MARK A. DANN
   (D.C. Bar No. 484523)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

Attorneys for Plaintiff

KENNETH L. WAINSTEIN
   (D.C. Bar No. 451058)
United States Attorney

R. CRAIG LAWRENCE
   (D.C. Bar No. 171538)
Assistant United States Attorney

WILLIAM MARK NEBEKER,
   (D.C. Bar No. 396739)
Assistant United States Attorney
Civil Division
555 4th Street, N.W.,
Washington, DC 20530
(202) 514-7230

Attorneys for Defendant