UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,                )
                                )
         Plaintiff,             )
                                )
    v.                          )    Civil Action No. 05-1212 RBW
                                )
HENRY PAULSON, Secretary of     )
  the Treasury,                 )
                                )
         Defendant.             )
                                )

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Henry Paulson,[1] Secretary of the Treasury, respectfully moves for summary judgment pursuant to Rule 56. In this case, Plaintiff alleges employment discrimination on the basis of race, arising out of a vacancy in the Appeals Division for a Senior Program Analyst position. Plaintiff and the selectee for the position were both IRS employees and were the only two applicants for the position. The selectee, Sheila Jones was the only qualified applicant for the position. Plaintiff was found to be "not minimally qualified" by the Human Resources Specialist who received and reviewed her application. Plaintiff cannot show that race was a contributing factor to her disqualification. Accordingly, Defendant is entitled to summary judgment.

_____

[1] Henry Paulson has been substituted as the defendant in place of John W. Snow by operation of Fed. R. Civ. P. 25(d).

The Court is respectfully referred to the accompanying memorandum and Statement of Material Facts.  A proposed order also accompanies this motion.

Respectfully submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney


Of Counsel:
Jennifer L. Vergne
IRS Office of Chief Counsel
Washington, D.C.
(202) 283-7932
jennifer.l.vergne@irscounsel.treas.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,                    )
                                    )
            Plaintiff,              )
                                    )
       v.                           )    Civil Action No. 05-1212 RBW
                                    )
HENRY PAULSON, Secretary of         )
   the Treasury,                    )
                                    )
            Defendant.              )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

In this Title VII case, Plaintiff, Pamula Robinson, alleges that she was not selected for the position of Internal Revenue Agent, Senior Program Analyst, GS-512-14, Appeals Division, IRS, because of her race (African American).  See Complaint, ¶ 1.  However, the undisputed facts demonstrate that Plaintiff's non-selection was based not on race but on a legitimate, non-discriminatory reason -- specifically that the Plaintiff was not deemed minimally qualified for the position she sought and was therefore removed from consideration by the Personnel Specialist at a time when he did not even know her race.  The only other applicant (a white female) was deemed qualified and was selected for the position.  Plaintiff has not, and cannot, present any evidence that this reason is a pretext for discrimination.  Therefore, Defendant is entitled to summary judgment.

<u>Factual Background</u>

Plaintiff, an African American female, is employed as a GS-343-13, Program Analyst, in the Appeals, Tax Policy and Procedures Division.  Complaint, ¶ 2.  On February 27, 2002, the Deputy Commissioner of Internal Revenue, Bob Wenzel, imposed a freeze on filling all vacant analyst positions in the GS-343 occupational series.  (Robinson Depo. at 62-68 and Robinson Depo. Exhibit 10; <u>see</u> Plaintiff's Response To Request For Admission Nos. 3-4).  Indeed, Plaintiff has admitted that "the Deputy Commissioner's decision to 'impose[] a freeze on filing [sic] all vacant analyst and related positions in the GS-343 and 301 occupational series' was made without regard to race. . ."  <u>See</u> Plaintiff's Response To Request For Admission No. 4.   Under the freeze, each division was given an Authorized Staffing Plan ("ASP") which defined its allowable number of 343 series employees.  The Appeals Division was given an ASP of seventy-five GS-343 employees.  Robinson Depo. at 71-73 and Robinson Depo. Exhibits 10-11.   Due to the freeze, David Robison, the Chief of Appeals, instructed Dave Geber to convert his eligible 343 series employees to the 512 occupational series.  (Geber Depo. at 56).  A majority of Mr. Geber's employees were eligible to be converted from the 343 series to the 512 series based on prior experience as GS-512 revenue agents.  (Geber Depo. 50-51).  Mr. Geber converted all eligible employees, irrespective of race, from 343

-2-

to 512.  Id.

On or about October 2001, Jim Skunda, a GS-343-14 under Mr. Geber's supervision, was preparing to retire.  On or about October 2001, Sheila Jones, a GS-512-13 was competitively selected to fill a temporary detail to replace Jim Skunda.  Ms. Jones filled the position by detail until December 2002.  The Plaintiff did not apply for the temporary detail to the position. On May 5, 2003, at Mr. Geber's request, Vacancy Announcement APB-03-138MM was issued for an Internal Revenue Agent (Senior Program Analyst) position at the GS-0512-14 level to permanently fill the vacancy left by Mr. Skunda.  (Complaint, ¶ 20, 22; Sprott Personal Depo. at 10-11 and Sprott Personal Depo Exhibit 3).

Mr. Geber requested that the vacancy be announced in the 512 series due to the freeze on 343 positions and in order to maintain consistency, since all eligible 343 employees in his section had already been converted to 512. (Geber Depo. at 50-51) The requirements for the 512 vacancy were defined by the Qualification Standards Handbook which is published by the Office of Personnel Management ("OPM").  See Sprott Personal Depo. at 49-50, 64-68 and Sprott Depo. Exhibit 12 (OPM Handbook).  The vacancy was open to IRS employees nation-wide with a post of duty available in Washington, D.C., St. Louis, or Los Angeles.  See Sprott Personal Depo. at 10-11 and Sprott Personal Depo Exhibit

-3-

3.

On May 15, 2003, the Plaintiff applied for Vacancy Number APB-03-138MM.  <u>See</u> Complaint, ¶ 17.  Carson Sprott, a human resources specialist, assessed the Plaintiff's application and found that the Plaintiff was not qualified.  <u>See</u> Plaintiff's Response To Request For Admission Nos. 12-13; Sprott Personal Depo. at 64-68 and Sprott Depo. Exhibit 12 .  It was (and remains) Mr. Sprott's understanding that the 512 series vacancy required specialized experience at the next lower grade, which the Plaintiff did not possess.  (Sprott depo. 43-45, 49-51, 64-68; <u>see</u> Plaintiff's Response To Request For Admission Nos. 12-14).  Mr. Sprott compared the Plaintiff's application to the Qualification Standards handbook.  (Sprott Personal Depo. at 44, 64-68).  Upon comparing the Plaintiff's description of her duties to the Qualification Standards, Mr. Sprott determined that the Plaintiff was not minimally qualified.  (Sprott Personal Depo. at 44, 48-51, 64-68 and Sprott Depo. Exhibit 12)

Specifically, as described by Mr. Sprott and not disputed by Plaintiff, it was Mr. Sprott's understanding that:

> the Complainant [Pamula Robinson] indicated on her Form 9686 that all of her time at the GS-13 level was in the GS-0343 series.  That series is generally not creditable as qualifying for the GS-0512 series.  So while the complainant met time-in-grade requirements, and the accounting requirement, the complainant did not meet the specialized experience requirement.

<u>See</u> Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3.

-4-

Mr. Sprott did not know the Plaintiff's race when he made the determination that Plaintiff was not qualified for the position announced in Vacancy Announcement APB-03-138MM.  (Sprott Personal Depo. at 61, 83; Robinson Depo. at 64).

On May 14, 2003, Sheila Jones applied for Vacancy APB-03-138MM.  See Sprott Personal Depo. at 32-33 and Sprott Personal Depo Exhibit 8.  Carson Sprott assessed Ms. Jones' application and based on more than ten years of experience in a GS-512-13 position, he found her to be qualified.  See Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3; Sprott Personal Depo. at 23-38; Robinson Depo. at 62-63 and Robinson Depo Exhibit 8.

Mr. Geber recommended Ms. Jones, the only qualified applicant, for the position; and on July 13, 2003, the selecting official, Beverly Ortega-Babers, selected Ms. Jones to fill Vacancy APB-03-138MM.  (Geber Depo. at 93; Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3).

Plaintiff has admitted that she has no facts upon which to rely to support the conclusion that Ms. Babers discriminated against Plaintiff in making the selection decision to fill the position announced in vacancy Announcement APB-03-138MM. Robinson Depo. at 97-98.

ARGUMENT

I.    The Governing Legal Standards

A.    The Legal Standard for Summary Judgment

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  Matsushita, 475 U.S. at 587.  The mere existence of a factual dispute, however, will not defeat summary judgment.  The non-moving party must show that the dispute is genuine and material to the case.  That is, the factual dispute must be capable of affecting the substantive outcome of the case and supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party.  Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).  If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson, 477 U.S. at 249-50).  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,]

-6-

[and] [t]he moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323 (citations omitted). Similarly, mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Thrash v. Library of Congress, 2006 U.S. Dist. LEXIS 9988 at *20 (D.D.C. Feb. 24, 2006); Rowland v. Riley, 5 F. Supp. 2d 1,3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") As the Supreme Court has instructed: "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

B.    The Standard for Proving Discrimination under Title VII

Claims alleging race discrimination are analyzed pursuant to the familiar burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). First, a plaintiff has the burden of establishing a prima facie case of discrimination by a preponderance of the evidence. Id. at 802;

-7-

Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53
(1981).  In order to make out a prima facie case of
discrimination a plaintiff must show that she:  (i) belongs to a
[protected class]; (ii) that [s]he applied and was qualified for
a job for which the employer was seeking applicants; (iii) that,
despite h[er] qualifications, [s]he was rejected, and (iv) that
after h[er] rejection, the position remained open and the
employer continued to seek applicant's from persons of [the
plaintiff's] qualifications."  McDonnell Douglas, 411 U.S. at
802.  This Circuit generally follows this same four-part test for
the prima facie case required by McDonnell Douglas.  See, e.g.,
Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1149-50 (D.C. Cir.
2004).[1]

     In applying the various formulations of the prima facie
test, the D.C. Circuit frequently distinguishes between "failure
to hire" cases and "failure to promote" cases, see, e.g., Teneyck

_____

     [1]  In situations where the McDonnell Douglas formulation for
the prima facie test does not work, the D.C. Circuit uses a more
generalized formulation from Stella v. Mineta, 284 F.3d 135 (D.C.
Cir. 2002), which requires plaintiff to show that "(1) she is a
member of a protected class; (2) she suffered an adverse
employment action; and (3) the unfavorable action gives rise to
an inference of discrimination."  Id. at 145 (quoting Brown v.
Brody, 199 F.3d 446, 452 (D.C. Cir. 1999)).  Even applying this
test, Defendant is entitled to summary judgment.  Here,
Plaintiff's qualifications did not establish that she met the
qualifications for a GS-14 level employee in the 512 series, a
conclusion reached by Mr. Sprott when he did not even know
Plaintiff's race.  Robinson Depo. at 62-64 and Robinson Depo.
Exhibit 8.

-8-

(failure to hire); Taylor v. Small, 350 F.3d 1286, 1294-95 (D.C.
Cir. 2003) (failure to promote); Cones v. Shalala, 199 F.3d 512,
517 (D.C. Cir. 2000)(same), but this case is properly viewed as a
typical failure to hire case because the position at issue was
empty, Plaintiff was not simply being promoted within her
existing position, and Plaintiff had to compete with another
applicant for the position.  Therefore, the McDonnell Douglas
prima facie formulation for the "typical failure to hire" case
applies.

     If the plaintiff establishes a prima facie case, the burden
then shifts to the defendant employer to articulate a legitimate,
non-discriminatory reason for its actions.  Texas Dep't of
Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); McDonnell
Douglas Corp. v. Green, 411 U.S. at 802.  The employer's burden,
however, is merely one of production.  Burdine, 450 U.S. at
254-55.  The employer "need not persuade the court that it was
actually motivated by the proffered reasons.  It is sufficient if
the defendant's evidence raises a genuine issue of fact as to
whether it discriminated against the plaintiff."  Id.  Once the
employer has articulated a legitimate, non-discriminatory reason
for its actions, the prima facie inference of discrimination
drops from the case.  St. Mary's Honor Center v. Hicks, 509 U.S.
at 507, 510-11 (1993); Burdine, 450 U.S. at 255.

     The burden then shifts back to the plaintiff to show that

-9-

the employer's proffered reason was not the true reason for its actions and was only a pretext for unlawful discrimination. Burdine, 450 U.S. at 253; McDonnell Douglas, 411 U.S. at 804; see also St. Mary's Honor Center, 509 U.S. at 507-08; Aka v. Washington Hospital Center, 156 F.3d 1284, 1289 (D.C. Cir. 1998). The burden of persuasion that discrimination motivated the employer's actions remains at all times with the plaintiff.  St. Mary's Honor Center, 509 U.S. at 507; Burdine, 450 U.S. at 253; Aka, 156 F.3d at 1289.  Moreover, the plaintiff must present more than a "scintilla of evidence" but must come forward with specific facts that would enable a reasonable jury to find in its favor.  Anderson, 477 U.S. at 252; Celotex Corp., 477 U.S. at 324.  To prove discrimination on the basis of race and/or sex, the plaintiff must demonstrate that the legitimate, non-discriminatory reasons articulated by the defendant are pretextual. See Barnette v. Chertoff, 453 F.3d 513, 516 (D.C. Cir. 2006) (affirming grant of summary judgment for employer where the plaintiff failed to rebut legitimate non-discriminatory reason for employment action).

II.  <u>Analysis of Plaintiff's Discrimination Claims</u>

In this case, Plaintiff has not and can not establish a prima facie case of race discrimination, but the issue is moot, given Plaintiff's admission that Mr. Sprott has identified the legitimate non-discriminatory reasons why he believed she was not

minimally qualified for the position at issue.  See Robinson
Depo. at 62-64 and Robinson Depo. Exhibit 8.

It is undisputed that, as an African-American, Plaintiff is a
member of a protected class.  However, while the Plaintiff did
apply for the Senior Program Analyst position, she was not
minimally qualified for the position.  Id.  Carson Sprott, Human
Resources Specialist, determined that the Plaintiff was not
qualified for the position at issue while having no knowledge of
the Plaintiff's race.  (Sprott depo 63, 83; Robinson Depo. at 62-
64 and Robinson Depo. Exhibit 8).  Plaintiff was found to be "not
qualified" based on standards set forth in the Qualification
Standards Handbook which is binding on all federal agencies.
(Sprott depo 45-48, 67-68; Robinson Depo. at 62-64 and Robinson
Depo. Exhibit 8 at 2-3).  Since the Plaintiff was not qualified
for the position at issue, she has failed to establish a prima
facie case of race discrimination.

But, even if the Plaintiff could establish a prima facie
case of race discrimination, the Defendant has a legitimate,
non-discriminatory reason for its selection of Sheila Jones,
specifically that Sheila Jones was the only qualified applicant
for the vacancy.  With more than ten years of prior experience in
a GS-512-13 position, Carson Sprott determined that Ms. Jones,
the selectee, was qualified for the position at issue.  (Robinson
Depo. at 62-64 and Robinson Depo. Exhibit 8).  On the other hand,

-11-

Carson Sprott determined that the Plaintiff was not qualified for the position because, as a GS-343-13, she lacked the specialized experience necessary to qualify for a GS-512-14 position.  See Complaint, ¶¶ 9-10; Sprott Depo 45-48; Robinson Depo. at 62-64 and Robinson Depo. Exhibit 8; Plaintiff's Response To Request For Admission No. 17 ("Plaintiff admits that she had not occupied a 512 series position. . . ").  Because Plaintiff was found to be not qualified, her application was not considered for selection. Id.

III.  Plaintiff Cannot Show Pretext

     In response to the legitimate non-discriminatory reason for her non-selection to the Senior Analyst GS-512-14 Position, Plaintiff may attempt to show pretext by claiming (1) that she was more qualified for the position based on experience she had from 1994-1998 working with one of the programs which would be assigned to the analyst who occupied this position, and (2) that due to her race, David Geber caused the position to be announced as a GS-512-14 in order to ensure that the Plaintiff specifically would not qualify.  Complaint, ¶¶ 21-22.  As explained below, however, neither of these claims create a genuine issue of material fact to preclude summary judgment.

A.   Plaintiff's Subjective Belief About Her
     Own Qualifications Does Not Demonstrate Pretext.

     A plaintiff cannot satisfy her burden of demonstrating pretext "simply based on [her] own subjective assessment of [her]

-12-

own performance." <u>Waterhouse</u> v. <u>District of Columbia</u>, 124 F. Supp. 2d 1, 7 (D.D.C. 2000), <u>aff'd</u>, 298 F.3d 989 (D.C. Cir. 2002) (<u>citing</u> <u>Smith</u> v. <u>Chamber of Commerce of the United States</u>, 645 F. Supp. 604, 608 (D.D.C. 1986)). A plaintiff has the duty to put forth evidence of discrimination, not to "quibble about the candidates' relative qualifications." <u>Vasilevsky</u> v. <u>Reno</u>, 31 F. Supp. 2d 143, 150 (D.D.C. 1998). In the absence of any other evidence that would allow a jury to infer that discrimination took place, "slight questions of comparative qualifications do not warrant a jury trial." <u>Walker</u> v. <u>Dalton</u>, 94 F. Supp. 2d 8, 16 (D.D.C. 2000). The Court must respect the employer's unfettered discretion to choose among qualified candidates. <u>See</u> <u>Barnett</u>, <u>supra</u>. "Title VII, it bears repeating, does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'" <u>Barbour</u> v. <u>Browner</u>, 181 F.3d 1342, 1346 (D.C. Cir. 1999) (<u>quoting</u> <u>Dale</u> v. <u>Chicago Tribune Co.</u>, 797 F.2d 458, 464 (7th Cir. 1986), <u>cert</u>. <u>denied</u>, 479 U.S. 1066 (1987)).

Moreover, even if a plaintiff could show that her qualifications were superior to the person selected, the D.C. Circuit has recognized that courts "may not 'second-guess' an employer's personnel decision absent demonstrably discriminatory motive." <u>Woodruff</u> v. <u>DiMario</u>, 164 F. Supp 2d 1, 16 (D.D.C. 2001) (internal citations omitted), <u>aff'd</u>, No. 01 5321, 2002 WL 449776

-13-

(D.C. Cir. Feb. 21, 2002). The Supreme Court recently cited with approval this Circuit's standard that superior qualifications may be probative of pretext if "a reasonable employer would have found the plaintiff to be significantly better qualified for the job." Ash v. Tyson Foods, Inc., 126 S.Ct. 1195, 1197-98 (2006) (emphasis added) (citing Aka, supra, 156 F.3d at 1294).[2] Under any of these formulations of the standard, no such disparity exists in this case. All evidence shows that the Plaintiff was not minimally qualified for the position while Ms. Jones met the necessary qualification standards as defined in the Qualification Standards Handbook. Although Plaintiff alleges that she was qualified for vacancy APB-03-138MM, she freely admits that she is not even familiar with the requirements of the GS-512 series position under which the vacancy was announced. (Robinson Depo. at 103, 111) Moreover, Plaintiff admittedly has no knowledge of Ms. Jones' qualifications for the position to which she was

---

[2]  The Supreme Court also cited with a level of approval the Eleventh Circuit's standard for pretext that "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Ash v. Tyson Foods, Inc., 126 S.Ct. at 1197-98. (citing Cooper v. Southern Company, 390 F.3d 695 (11th Cir. 2004)). The Court further cited a Ninth Circuit formulation of the standard, which permits an inference of pretext where the plaintiff's qualifications are "clearly superior" to those of the individual selected. Ash, 126 S.Ct. at 1197-98 (citing Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1194 (9th Cir. 2003), opinion amended on rehearing, No. 00-35999, 2003 WL 21027351 (9th Cir. May 08, 2003)).

selected.  (Robinson Depo. at 103-104).

In fact, Ms. Jones had over ten years of experience as a GS-512-13.  See Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8, ¶ 5; Sprott Personal Depo. at 76-77 and Sprott Personal Depo Exhibit 13.  Plaintiff admittedly had no experience in the GS-512 occupational series.  See Complaint, ¶¶ 9-10; Plaintiff's Response To Request For Admission No. 17; Sprott Personal Depo. at 36 and Sprott Personal Depo Exhibit 9.  Nor did Plaintiff have equivalent specialized experience which Mr. Sprott recognized as qualifying her for a 512 series position.  (Sprott Personal Depo. at 37-38).  The position at issue was a vacancy in the Large Case section of Appeals, which handles some of the most complex tax cases in the country.  (Geber Depo. at 64).  The 512 occupation series required to fill this vacancy had specific qualification standards, requiring the employee to possess certain skills and specialized experience.  (Sprott Rule 30(b)(6) Depo. at 23-25).  Plaintiff admittedly did little or no tax computation work in her GS-343 series position.  (Robinson Depo. at 20).  The undisputed evidence simply cannot be read to support the contention that Plaintiff was as qualified as, or more qualified than, Ms. Jones.  See, e.g., Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8; Sprott Personal Depo. at 64-68 and Sprott Personal Depo. Exhibit 12.

Plaintiff has fallen far short of producing admissible

-15-

evidence that she was so much more highly qualified than Sheila Jones that no reasonable employer should have selected her over Ms. Jones.  See Ash v. Tyson Foods, 126 S.Ct. at 1197-98. Accordingly, Defendant is entitled to summary judgment.

B.    The Actions of Mr. Geber Were Devoid
      of Discriminatory Animus.

      Plaintiff may also attempt to show pretext by alleging that Mr. Geber caused the vacancy to be announced in the 512 series in order specifically to preclude her from qualifying for the position.  See Complaint, ¶ 22.  Specifically, Plaintiff claims that Mr. Geber's knowledge of her interest in a promotion and the decision to announce the vacancy as a 512 occupational series are evidence of such pretext.  Neither, however, is sufficient to defeat summary judgment.  See Barnette v. Chertoff, 453 F.3d 513; Stewart v. Ashcroft, 352 F.3d 422 (D.C. Cir. 2003); Fischbach v. D.C. Department of Corrections, 86 F.3d 1180, 1181, 1183 (D.C. Cir. 1996).

      Mr. Geber announced the vacancy as a 512 series position because the Agency was in the midst of a freeze on 343 analyst positions.  (Geber Depo. at 50; Babers Depo. at 36, 69; Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8, ¶ 7).  Plaintiff admits that the decision to impose the freeze was made throughout the Agency and was not made on the basis of race.  (Robinson Depo. at 62-68 and Robinson Depo. Exhibit 10).  As such, the Plaintiff acknowledges that Mr. Geber was following

non-discriminatory orders to reduce the number of 343 analysts in
his section. Id. Specifically, Mr. Geber was ordered to convert
eligible employees from the 343 series to the 512 series and to
impose a freeze on the establishment of any new position or
backfilling any vacant position in the GS 343 series. Id.; Geber
Depo. at 55-56. In order to fulfill this direction under the
freeze, and remain consistent with the conversion of his
employees to the 512 series, Mr. Geber announced vacancy
APB-03-138MM as a 512 series position. (Geber Depo. at 50).
The decision to announce the vacancy as a 512 position was, thus,
devoid of racial animus. See id.; Robinson Depo. at 66-67.

In short, there is nothing in Mr. Geber's actions from which
discriminatory animus may be inferred. Plaintiff's belief that
they may have been related to her race is nothing short of
speculation that is not a sufficient basis for opposing a motion
for summary judgment. See McGill v. Muñoz, 203 F.3d 843, 846
(D.C. Cir. 2000) (speculation insufficient to avoid summary
judgment).

Ultimately, Ms. Jones was the only qualified applicant for
the vacancy. The selection of the Plaintiff was not an option,
as Mr. Sprott, with no knowledge of the Plaintiff's race,
determined Plaintiff was not qualified. (Sprott Depo. at 61).
Plaintiff cannot produce admissible evidence that her application
was hindered because of her race, despite her acknowledgement

that there was a legitimate reason for the actions taken.  <u>See</u>

Robinson Depo. at 66-68.  Therefore, Plaintiff cannot prevail.

<u>CONCLUSION</u>

WHEREFORE, Defendant is entitled to summary judgment on all

claims in this action.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

-18-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil Action No. 05-1212 RBW
                                   )
HENRY PAULSON, Secretary of        )
  the Treasury,                    )
                                   )
          Defendant.               )
_____)

### STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Civ. Rule 7(h), Defendant submits that the following facts are not in genuine dispute and they demonstrate that Defendant is entitled to summary judgment:

1.   At the time of the non-selection at issue in this case, Plaintiff was employed by the Internal Revenue Service ("IRS" or "Agency") as a GS-343-13, program analyst, in the Appeals Division. See Complaint, ¶¶ 2, 10.

2.   In February 2002, the Commissioner of the Internal Revenue Service initiated a freeze on all GS-343 occupational series vacancies. See Plaintiff's Response To Request For Admission Nos. 3-4; Robinson Depo. at 66-67 and Robinson Depo. Exhibit 10; Sprott Personal Depo. at 10-11 and Sprott Personal Depo. Exhibit 3.

3.   The decision to impose the freeze on GS-343 positions was made without regard to race and was not made in attempt to discriminate against Plaintiff or members of her race. See Plaintiff's Response To Request For Admission No. 4; Robinson

Depo. at 66-67 and Robinson Depo. Exhibit 10.

4.   The Appeals Division was given an Approved Staffing Plan which allowed for seventy-five (75) GS-343 analysts to remain in Appeals.  See Babers Depo. 58-62, 66 and Babers Depo. Exhibit 7 (April 7, 2003 Memorandum For Acting Commissioner); Robinson Depo. at 67-70 and Robinson Depo. Exhibit 11.

5.   The IRS offices needed to reclassify GS-343's into a more appropriate series in order to meet the Agency's approved staffing plan.  Id.; Geber Depo. at 29; Robinson Depo. at 67-70.

6.   David Geber is now retired, but was formerly Director, Tax Policy and Procedure for Large and Mid-Sized businesses, at the Agency.  (Geber Depo. at 23-24, 27-28, 37).

7.   In response to the freeze in 2002, David Geber was instructed to convert his eligible employees from GS-343 to GS-512 series.  (Geber Depo. 29-30, 50, 55-56).

8.   David Geber converted Caucasian and African-American employees from 343 to 512 series during the freeze in 2002. (Geber Depo. at 29-30, 51)

9.   Mr. Geber requested the vacancy announcement that was given Vacancy Number APB-03-138MM; and Geber was the recommending official for the Senior Analyst Position at issue in this case. Complaint, ¶¶ 1, 20, 24; Geber Depo. 82, 93.

10.  Mr. Geber's decision to advertise the vacancy announcement that was given Vacancy Number APB-03-138MM as a GS-

-2-

512 occupational series position rather than a GS-343 occupational series position was based on the freeze implemented in filling GS-343 series positions; and the race of any applicant or potential applicant played no role in his decision.  Geber Depo. at 44, 94; Robinson Depo. at 66-67, 103.

11.  In May 2003, Plaintiff applied for the position of Senior Program Analyst, Vacancy Number APB-03-138MM.  Complaint, ¶¶ 1, 17.

12.  Mr. Carson Sprott, a human resources specialist, deemed the Plaintiff not qualified for the position announced in Vacancy Number APB-03-138MM.  See Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3; Sprott Personal Depo. at 37-38, 43, 45-46, 48-49, 80 and Sprott Personal Depo. Exhibit 14.


13.  Carson Sprott assessed the Plaintiff's application and found that the Plaintiff was not qualified.  See Plaintiff's Response To Request For Admission Nos. 12-13; Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8; Sprott Personal Depo. at 43.

14.  Plaintiff had never held a GS-512 series position. Complaint, ¶¶ 9-10; Plaintiff's Response To Request For Admission No. 17; Geber Depo. at 43-44.

15.  It was Mr. Sprott's understanding that the 512 series vacancy required specialized experience at the next lower grade, which the Plaintiff did not possess.  See Sprott Personal Depo.

-3-

at 43-45, 64-68; Plaintiff's Response To Request For Admission
Nos. 12-14; Robinson Depo. at 62-63, 111-12 and Robinson Depo.
Exhibit 8).

16.  The qualifications for a GS-512-14 position are set
forth in the Qualification Standards Handbook published by OPM.
(Sprott Personal Depo. 23-33, 49-51, 64-68 and Sprott Personal
Depo. Exhibit 12).

17.  The requirements for the GS-512 series Revenue Agent
position has always had more strict requirements than the GS-343
series positions.  Robinson Depo. at 111-12.

18.  Mr. Sprott compared the Plaintiff's application to the
Qualification Standards handbook.  (Sprott Personal Depo. at 44,
49-51, 64-68).

19.  Upon comparing the Plaintiff's description of her
duties to the Qualification Standards, Mr. Sprott determined that
the Plaintiff was not minimally qualified.  (Sprott Personal
Depo. at 35-38, 48, 64-68 and Sprott Personal Depo. Exhibits 9 &
12; Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8, ¶¶ 4-
5).

20.  Specifically, as described by Mr. Sprott and not
disputed by Plaintiff, it was Mr. Sprott's understanding that:

> the Complainant [Pamula Robinson] indicated on her Form
> 9686 that all of her time at the GS-13 level was in the
> GS-0343 series.  That series is generally not
> creditable as qualifying for the GS-0512 series.  So
> while the complainant met time-in-grade requirements,
> and the accounting requirement, the complainant did not

-4-

meet the specialized experience requirement.
See Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3.

21.  Mr. Sprott did not know the Plaintiff or the
Plaintiff's race when he made the determination that Plaintiff
was not qualified for the position announced in Vacancy
Announcement APB-03-138MM.  (Sprott Personal Depo. at 61, 83;
Robinson Depo. at 64).

22.  Plaintiff has never held a GS-512 series position.
(Robinson Depo. at 38, 136; Complaint, ¶¶ 9-10)

23.  Plaintiff did not perform tax computation work as a 343
program analyst.  (Robinson Depo. at 20).

24.  Vacancy APB-03-138MM was open to applicants nationwide.
(Sprott Personal Depo. at 10-11 and Sprott Personal Depo. Exhibit
3).

25.  Several posts of duty were also available for Vacancy
APB-03-138MM, including St. Louis, Washington DC, and Los
Angeles.  Id.

26.  In accordance with the National Agreement between the
IRS and the National Treasury Employees Union ("NTEU"), an
employee who applies for a job with the Agency has five days to
turn in documentation identified as missing from a job
application when the information is within the employee's
control.  See Sprott Personal Depo. at 35, 88-89 and Sprott
Personal Depo. Exhibit 15 (National Agreement, Article 13 at page

-5-

45).

27.   In accordance with the National Agreement between the IRS and the National Treasury Employees Union ("NTEU"), an employee who applies for a job with the Agency has ten days to turn in documentation identified as missing from a job application when the information is in the control of the employee's manager.  Id.

28.   Mr. Geber recommended Ms. Sheila Jones, the only qualified applicant, for the position advertised in fill Vacancy Announcement APB-03-138MM; and on July 13, 2003, the selecting official, Beverly Ortega-Babers, selected Ms. Jones to fill the vacancy.  (Geber Depo. at 93; Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3).

29.   Sheila Jones had over ten years of experience as a GS-512-13 when she was selected for vacancy APB-03-138MM.  See Robinson Depo. at 62-63, 103-104 and Robinson Depo. Exhibit 8 at 3; Sprott Personal Depo. at 34-38 and Sprott Personal Depo. Exhibit 8.

30.   Beverly Ortega Babers, a Hispanic, African American female, was the selecting official for vacancy APB-03-138MM. (Geber Depo. at 82, Babers Depo. at 6).

31.   Ms. Babers selected the only applicant who was deemed by Mr. Sprott to be minimally qualified for the position announced under Vacancy Announcement APB-03-138MM.  See

-6-

Plaintiff's Response To Request For Admission Nos. 12-13; Sprott Personal Depo. at 64-68 and Sprott Depo. Exhibit 12; Robinson Depo. at 62-63 and Robinson Depo. Exhibit 8 at 1-3; Geber Depo. at 93.

32.  Plaintiff has admitted that she has no facts upon which to rely to support the conclusion that Ms. Babers discriminated against Plaintiff in making the selection decision to fill the position announced in vacancy Announcement APB-03-138MM.  <u>See</u> Robinson Depo. at 97-98.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Motion For Summary Judgment, supporting memorandum, statement of material facts and a proposed Order has been made through the Court's electronic transmission facilities on this 15th day of November, 2006.

_____
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230