UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,            )
                            )
        Plaintiff,          )
                            )
    v.                      ) Civil Action No. 05-1212 (RBW)
                            )
JOHN W. SNOW                )
SECRETARY OF THE TREASURY,  )
                            )
        Defendant.          )
_____)

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Pamula Robinson, by and through undersigned counsel, hereby responds under penalty of perjury to Defendant's First Discovery Requests to Plaintiff, and states as follows:

The following responses herein are accurate to the best of Plaintiff's knowledge as of this date, but Plaintiff reserves the right to supplement, clarify, revise, or correct any or all of the responses. Plaintiff expressly reserves the right to rely on subsequently discovered information and amend these responses to reflect such newly discovered evidence that is responsive to any of Defendant's discovery requests. Plaintiff objects to Defendant's discovery requests to the extent they seek information protected by the attorney-client or attorney work-product privileges. Subject to and without waiving his reservation of rights and his general objections, Plaintiff makes his specific responses and objections to Defendant's requests as follows:



Based on the actions of these individuals, Ms. Jones was selected for the position (treated differently than Plaintiff).

After February 27, 2002, Defendant made exceptions to its supposed "freeze" on filing all vacant analyst and related positions in the 343 occupational series, and any person who benefitted from such an exception was treated differently than Plaintiff. Also, any person Defendant selected for a GS-512-14 position who did not have at least one year of prior experience at the GS-13 level within a 512 series position was treated differently than Plaintiff.

3. **Describe in detail the factual basis for your assertion that the selection of another person for the position advertised under Vacancy Announcement APB-03-138MM was in any way made on the basis of race.**

**Response:** Plaintiff objects to Interrogatory 3 to the extent it requests information already in Defendant's possession or control, and thus obtainable from more convenient, less burdensome, and less expensive sources. Without waiving any objections, Plaintiff responds as follows:

— Plaintiff is African American, and she was not selected for the position at issue. By contrast, Ms. Jones is white, and she was selected for the position.

— It was common knowledge within the Office of Appeals and Mr. Geber knew that Plaintiff was seeking a promotion to GS-14 and that she was likely to apply for the position at issue when its occupant, Mr. Skunda, retired.

— Mr. Geber served as Plaintiff's supervisor, and he and Ms. Ortega Babers both knew that Plaintiff was African American and Ms. Jones was white.

- Mr. Geber was the official who requested Vacancy Announcement APB-03-138MM for the position at issue, and Ms. Ortega Babers was the selecting official.

- Plaintiff, who has over 30 years of government service and 15 years of experience as a GS-13 Program Analyst in the Office of Appeals, was qualified to perform the duties of the position based on her educational and professional experience. See Resp. to Interrog 8, incorporated herein by reference. Between 1994 and 1998, Plaintiff served as the coordinator for the Technical Advise and Technical Analyst Programs and performed the duties she would have been expected to perform had she been selected to fill the position at issue. Moreover, her Performance Appraisals uniformly show that she met or exceeded Defendant's expectations. Her supervisors, including Ms. Black, Mr. Coyne, Mr. Knott, Mr. Wihl, and Mr. Piper, rated her as either "outstanding" or "exceeds fully successful" for each of her critical performance elements, and noted that she performed her duties professionally.

Plaintiff demonstrated a wide range of knowledge concerning Technical Advise and Technical Analyst Programs and the corresponding manuals sections; she coordinated national training programs for over 200 Technical Analysts that were very well received and received outstanding ratings from the participants; she regularly answered questions from the analysts in the field; she participated in several business and program reviews of the Technical Section; and she updated the Technical Analyst Handbook and Technical Advise Request Forms. Plaintiff provided assistance to the Technical Section Chiefs, pointed out areas that they could improve in, and shared procedures that were used in other offices; and her supervisors noted that her suggestions were beneficial to all of the offices that she visited. Plaintiff also participated in studies, served as project leader and headed up task forces to assess the needs of Technical Analysts, and prepared advisory memos concerning the impact of legislative and regulatory initiatives.

These actions all parallel the duties of the position at issue as set forth in the GS-512-14 Senior Program Analysts Position Description (MPD No. 94621), which required, inter alia, the selectee to analyze program functions or areas to discern trends in program delivery; review and evaluate the effectiveness of operating procedures; design and issue directives and instructions, and develop recommendations to improve the effectiveness of the entire program; assess the impact of new programs and legislative changes on existing programs; and lead or participate in task groups.

    While Plaintiff worked for 15 years in the Washington, DC Headquarters and served as the coordinator for the Technical Advise and Technical Analyst Programs (working with 200 Technical Analysts), Ms. Jones was merely one of many Technical Analysts, was assigned to the IRS's St. Louis Field Office, and never worked in the Washington, DC Headquarters.

- On information and belief, when Mr. Geber requested that Ms. DeAngelis advertise Vacancy Announcement APB-03-138MM for the position at issue, it was the only 512 series position within the Office of Appeals at the Washington, DC Headquarters.

- Defendant's claim that Plaintiff did not qualify for the position at issue because she did not have at least one year of prior experience at the GS-13 level within a 512 series position, does not appear credible because:

    - Employees who work in 343 series positions are qualified to preform the duties of positions in other series, and the duties of the position at issue were performed by people in 343, 512, and 930 series positions.

        - Defendant converted at least seven employees who occupied 343 series positions within the Office of Appeals to another occupational series. <u>See</u> Resp. to Interrog 1, incorporated herein by reference.

        - Plaintiff performed the duties of the positions while serving in a 343 series position prior to her non-selection.

        - Ms. Jones performed the duties of the positions while serving in a 512 series position as a result of Plaintiff's non-selection.
        - Mr. Louthon performed the duties of the positions while serving in a 343 series position after Ms. Jones.

        - Ms. Horn is currently performing the duties of the position while serving in a 930 series position.

    - The selection committee for the position at issue did not consider pertinent experience or qualified standards in making its decision.

12

- Defendant's claim that Ms. Jones was selected in accordance with proper policies and practices does not appear credible because:

    - Unlike Plaintiff, Ms. Jones did not submit her performance appraisal by the close of the Vacancy Announcement.

    - The requesting and selecting officials for the position at issue, Mr. Gerber and Ms. Ortega Babers respectively, were the two individuals who issued Ms. Jones the performance appraisal she belatedly submitted as part of her application for the position at issue.

    - Mr. Sprott cleared Ms. Jones' application before her performance appraisal was submitted.

- The IRS made exceptions to its supposed "freeze" Defendant claims as the reason it was prevented from filing all vacant analyst and related positions, including the position at issue, in the 343 occupational series after February 27, 2002. See Memo from Deputy Commissioner Wenzel (October 21, 2002) (stating that exceptions to the "freeze" would be considered) See also Resp. to Interrog. 4, incorporated herein by reference.

- On information and belief, over the last 16 years, no African American GS-13 employee within the Office of Appeals in Washington, DC has been promoted to a GS-14 position, and there has been only one such promotion nationally among the various Appeals Office employees. By contrast, at least seven white GS-13 employees from the Office of Appeals in Washington, D.C. have been promoted to GS-14 positions during that time period.

- On information and belief, Mr. Geber has been named as the offending official in at least one prior EEO complaint or grievance filed by another African American subordinate.

- Plaintiff has served in or performed the duties of positions that were previously and subsequently filled or performed by white GS-14 employees.

- Defendant has repeatedly refused to promote Plaintiff. Since 1998, Plaintiff has applied for at least 13 GS-14 positions, and perhaps more, for which she has not been selected. Defendant's refusal to promote Plaintiff has become fairly common knowledge within the Office of Appeals, and Mr. Cohen said to her: "They got you again."

13

>   Moreover, Defendant cancelled at least one Vacancy Announcements for GS-343-14 positions (Vacancy Announcement 89-89-04-058LW) for which Plaintiff applied and was deemed qualified, after the supposed "freeze" was in place.

4.  **Describe in detail the factual basis for any assertion you may make that the decision to impose a freeze on filling vacant analyst positions in the GS-343 occupational series absent an emergency with sufficient justification was made on the basis of race or as a pretext for discriminating against you.**

**Response:** Without waiving any objections, Plaintiff responds as follows: Plaintiff does not assert that the Deputy Commissioner of Internal Revenue February 27, 2002 decision to "impose[] a freeze on filing all vacant analyst and related positions in the GS-343 and 301 occupational series" was made on the basis of race or as a pretext for discriminating against her. However, she does note that following the "freeze," the IRS did advertise vacancies for GS-343 positions, including:

- GS-343-14 Management & Program Analyst (Project Manager): Vacancy Announcement 89-89-04-058LW.

- GS-343-14 Management & Program Analyst: Vacancy Announcement 89-89-05-048MM.

- GS-343-14 Management & Program Analyst (Project Manager): Vacancy Announcement 89-03-APN296M5.

- GS-343-13/14 Management Analyst (Staff Assistant): Vacancy Announcement NHN-04-M-0197-D-N.

- GS-343-14 Management & Program Analyst (Project Manager): Vacancy Announcement APN-04-050LW.

5.  **Identify every person who you contend has intentionally discriminated against you in any manner described in your Complaint, and describe in detail the factual basis for your contention that each such person discriminated against you on the basis of your race.**

**Response:** Plaintiff objects to Interrogatory 5 as overbroad, and

14

Without waiving any objections, and limiting her responses to discriminatory actions related to her non-selection for the position of GS-14 Senior Program Analyst position advertised in Vacancy Announcement APB-03-138MM, Plaintiff responds as follows:

<u>See</u> Respon. to Interrog 1 and 3, incorporated herein by reference.

12. Other than the charges of failure to promote in the present action, state whether you have ever filed a formal or informal grievance or complaint alleging failure to promote against any employer or any other entity or individual; and if so, identify the employer, entity or individual against whom you filed such grievance or complaint and the forum in which such grievance or complaint was filed; the basis of the grievance or complaint; provide the charge number, civil action number or other identifying code of such grievance or complaint, and provide the date, nature and disposition of each such grievance.

**Response:** Plaintiff objects to Interrogatory 12 as overbroad and seeks information without a limit in the terms of time, thus not relevant to the current proceedings before the District Court and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the extent this Interrogatory requests information already in Defendant's possession or control (i.e., complaints against the IRS). Without waiving any objections, Plaintiff responds as follows:

— On May 12, 2005, Plaintiff initiated contact with Defendant's EEO Office, regarding her claim of discrimination and retaliation (Agency Case No. 05-2501), which resulted from her non-selection for the GS-14 Senior Program Analyst position advertised in Vacancy Announcement 89-83-05-061E1. Case pending.

- On August 16, 2005, Plaintiff requested that her second EEO complaint be amended to include her non-selection for the GS-14 Senior Program Analyst position advertised in Vacancy Announcement 89-83-05-061EC. She had previously been informed that she could not file a complaint because her union, the National Treasury Employees Union, had exclusive jurisdiction over the issue, and she would be required to file a union grievance instead, and she later learned that the union was having difficulties investigating her claims. Complaint pending.

13. Describe in detail any instances in the past 10 years in which you have made a claim that you were injured physically or mentally, and identify any person to whom you made or submitted such a claim as well as the results of your claim; and if your claim involved any attempt to secure a monetary recovery, please indicate the amount of the recovery requested and received.

Response: Plaintiff objects to Interrogatory 13 as premature and to the extent it requests information that is 10 years old, thus not relevant to the current proceedings before the District Court and not reasonably calculated to lead to the discovery of admissible evidence. Pursuant to agreement of the parties, see Joint Meet and Confer Statement, the issue of damages is reserved for Phase Two of Discovery, which will not commence until 30 days after Phase One if no dispositive motion is filed or upon decision of any dispositive motion. Also, the parties have discussed, but have not yet executed a Protective Order regarding sensitive personal and medical information, and Plaintiff will reserve any such information until after the execution of said order. Without waiving any objection, Plaintiff responds as follows:

Plaintiff does not recall any instances in the past 10 years in which she has made a claim that she was injured

21

physically or mentally.

14. **Notwithstanding any information provided at any earlier time, itemize in detail all damages and/or other relief, both monetary and non-monetary, which you are seeking in this action, and for each type of damage and/or other relief, describe the factual and legal bases, if any, that support the claim for such damage and/or other relief, the basis for your contention that it was the result of unlawful discrimination, all persons with personal knowledge of such damages and/or other relief, and all documents that relate to or support such damages and/or other relief.**

**Response:** Plaintiff objects to Interrogatory 14 as premature and to the extent it requests information that is already in Defendant's possession or control (e.g., calculations relevant to back and front pay). Pursuant to agreement of the parties, see Joint Meet and Confer Statement, the issue of damages and any expert discovery is reserved for Phase Two of Discovery, which will not commence until 30 days after Phase One if no dispositive motion is filed or upon decision of any dispositive motion. Also, the parties have discussed, but have not yet executed a Protective Order regarding sensitive personal and medical information, and Plaintiff will reserve any such information until after the execution of said order. Without waiving any objection, Plaintiff responds as follows:

As a result of Defendant's actions, Plaintiff has suffered the following harms and is entitled to the following relief:

- **Injunctive Relief.** Plaintiff was not selected for the position at issue on or about July 10, 2003, because of discrimination based on her race, and she is entitled to an immediate appointment to the GS-14 position of Senior Program Analyst in the Tax Policy and Procedures Division of the Office of Appeals at the Internal Revenue Service,

22

or an agreeable equivalent position, with the appointment being retroactive to the date of discrimination. Plaintiff is also entitled to an injunction enjoining Defendant from discriminating against any employee, including her, on the basis of race, with appropriate notices of the injunction posted Office of Appeals, Tax Policy and Procedures Division of the IRS, in Washington, DC.

- **Full Back Pay and Benefits.** Plaintiff was not selected for the position at issue on or about July 10, 2003, based on discrimination, and she is entitled to full back pay, with interest, and benefits from that date. To calculate the specific nature and full extent of her back pay injuries/damages, Plaintiff may rely on any future calculations that may be conducted and reported on by an expert witness. However, based on Plaintiff's initial estimates, which was premised on the salary and benefits commensurate with the position at issue, she believes she entitled to about $14,244 through April 2005. See Calculations Below.

  ```
  Actual Salary Earned Starting June 2003
  07/2003 - 12/2003   GS-13/8   92,228 / 12 X 5    = $38,428
  01/2004 - 12/2004   GS-13/8                      = $92,228
  01/2005 - 12/2005   GS-13/9                      = $94,721
  01/2006 - 04/2005   GS-13/9   97,976 / 12 X 4    = $32,658
  Total                                            = $258,035

  Projected Salary Earned With Promotion Starting June 2003
  07/2003 - 12/2003   GS-14/5   92,484 / 12 X 5    = $38,535
  01/2004 - 12/2004   GS-14/5                      = $96,572
  01/2005 - 07/2005   GS-14/5   10,0152 / 12 X 6   = $50,076
  07/2005 - 12/2005   GS-14/6   10,3098 / 12 X 6   = $51,549
  01/2006 - 04/2006   GS-14/6   10,6641 / 12 X 4   = $35,547
  Total                                            = $272,279
  Difference          $272,279 - $258,035          = $14,244
  ```

- **Front Pay and Benefits.** Plaintiff was not selected for the position at issue on or about July 10, 2003, based on discrimination, and as an alternative to an immediate appointment to a GS-14 position, she is entitled to front pay and benefits from the date of judgment in this case to the date of her retirement, with regular annual step and salary increases. To calculate the specific nature and full extent of his front pay injuries/damages, Plaintiff may rely on any future calculations that may be conducted and reported on by an expert witness.

- **Compensatory Damages.** Defendant's actions, particularly its decision not to select Plaintiff, has caused her severe pain and suffering, hindered her physical and mental well-

being, and damaged her previously stellar reputation. Based on these harms, Plaintiff estimates that she is entitled to an estimated $300,000 in compensatory damages.

Specifically, Defendant's discriminatory treatment caused Plaintiff to suffer work related stress, depression, and humiliation. An example of the type of public humiliation Plaintiff suffered was when Mr. Cohen said to her after she was not promoted: "They got you again." Symptoms of Plaintiff's pain and suffering manifested themselves with sleeplessness, anxiety attacks, an inability to concentrate, a spike in blood pressure, and a general depressed mood, for which she has sought professional assistance.

- **Reasonable Costs and Expenses.** In order to fully remedy Defendant's unlawful discriminatory acts, Plaintiff was forced to bring this action and pay the related costs and expenses, and she is entitled to reasonable attorney fees at prevailing market (<u>Laffey</u>) rates.

15. **State whether you contend you have experienced any physical, emotional or mental injuries as a result of the actions alleged in the Complaint, and if your answer to this Interrogatory is yes, identify all the bases for your contention, identifying all physicians, psychiatrists, psychologists, and/or other persons who have diagnosed or treated you in connection with the allegations in the Complaint, describing any such diagnosis, treatment,**

Response: <u>See</u> Resp. to Interrog 14, incorporated herein by reference.

16. **Describe in detail all efforts you have made to mitigate your alleged injuries.**

Response: Plaintiff objects to Interrogatory 16 as premature. Pursuant to agreement of the parties, <u>see</u> Joint Meet and Confer Statement, the issue of damages is reserved for Phase Two of Discovery, which will not commence until 30 days after Phase One if no dispositive motion is filed or upon decision of any dispositive motion. Plaintiff also objects to the extent this Interrogatory requests information that is not relevant to the

24

current proceedings before the District Court and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is not under any legal obligation to mitigate her damages in a non-promotion claim. Without waiving any objection, Plaintiff responds as follows:

Plaintiff has continued to actively seek a promotion to a GS-14 position within the IRS. <u>See</u> Resps. to Interrog 9 and 12, incorporated herein by reference.

17. **Identify each witness whom you intend to call at the hearing in this matter and describe in detail the subject matter as to which each of those persons is expected to testify.**

**Response:** Plaintiff objects to Interrogatory 17 as premature; she has not yet identified the witnesses she intends to have testify (either affirmatively or adversely) at her trial. Plaintiff will provide Defendant with a witness list prior to the prehearing conference or at the appropriate time based on an order from the Court. Without waiving any objection, Plaintiff responds as follows:

<u>See</u> Resp. to Interrog 1, incorporated herein by reference.

18. **Identify all documents, reproductions, photographs, video and audio recordings, and oral communications not identified elsewhere in your responses to Defendant's First Discovery Requests to Plaintiff that you believe are relevant or that may related to any of the allegations of your Complaint, the forgoing Interrogatories, or your responses to the Requests For Admissions set forth herein.**

**Response:** Plaintiff objects to Interrogatory 18 as overbroad and unduly burdensome, and to the extent it requests information already in Defendant's possession or control, and thus obtain-

25