# EXHIBIT 29

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

PAMULA ROBINSON,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              ) Civil Action No. 05-1212 RBW
                                    )
JOHN W. SNOW, Secretary of Treasury )
  of the United States of America,  )
                                    )
        Defendant.                  )
_____)
```

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

#### Reservation of Rights

Defendant's responses to Plaintiff's discovery requests are subject to the right to object to the admission into evidence of any and all such answers and documents on the grounds that they, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible. The responses are based on the Defendant's present knowledge, information and belief, as derived from (a) the knowledge and information of present employees of defendants, gained in their capacity as such; and (b) a review of the files maintained by defendants, where such files exist, which would likely contain the information called for by the requests. These responses are subject to amendment and supplementation as defendant may acquire additional information and complete review and analysis.

INTERROGATORY NO. 2

For each quarter between 1995 and July 2003, describe the organizational structure of the Office of Appeals at the Internal Revenue Service ("IRS") and any divisions therein, including the Tax Policy and Procedures Division.  The response must include, but should not be limited to, a list of the name, race, position title, and pay grade of all Office of Appeals employees and an indication of their assignment within the organizational structure and their respective chains of command.

OBJECTION:  Defendant objects to this Interrogatory on the basis that it could be read as overly broad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The make-up of the entire Appeals division has no bearing on the Plaintiff's non-selection for a position in Headquarters in 2003.  Subject to and without waiving any objection, Defendant advises as follows:

RESPONSE TO INTERROGATORY NO. 2:

From 1995 to August 2001, the Appeals Organization was comprised of four regional areas: Northeast, Southeast, Mid-States and Western.  Under the National Director of Appeals, there were four Regional Directors of Appeals, with staff consisting of one Assistant Regional Director of Appeals (Large Case), one Assistant Regional Director of Appeals (Operations), an Administration Officer and several analysts.

Further responsive information is contained in the organizational charts and related documentation that accompanies this response and which is labeled "Interrog 2." The Agency does not maintain records regarding employee assignments dating back to 1995. The Agency can respond as to data regarding the current make-up of Plaintiff's division in Appeals, which is summarized in the attached documentation labeled "Interrog. 2."

INTERROGATORY NO. 3

State the name, race, position title, pay grade, address, and telephone numbers of every person who had been promoted to a position in the Office of Appeals since 1995, along with a description of the person's previous and subsequent position title, pay grade, and assignment within the organizational structure described in response to Interrogatory 2, the date of the promotion, and an explanation of whether the person was promoted from within or from outside the Office of Appeals' National Headquarters in Washington, DC. Please provide this information both on paper and in the form of a tab- or comma-delimited ASCII text computer file (or Excel Spreadsheet file) suitable for electronic statistical analysis.

OBJECTION: The Defendant objects on the grounds that this Interrogatory seeks irrelevant information, is overbroad, is overly burdensome to the Agency, and calls for production of materials not in the agency's possession and not in a format

-7-

in the selection of a GS-14 Analyst position in which a white male employee, David Montenegro, was selected.  In both instances, the selectee was the only qualified candidate for the position.

Ms. Ortega Babers has been involved in filling multiple vacancies as a selecting official, as reflected in response to Interrogatory No. 3 above.

INTERROGATORY NO. 7

Describe in detail the process used to: promulgate and process the Vacancy Announcement; create the Position at Issue; evaluate and assess the candidates for that Position; and make selection for that Position.  The response must include, but should not be limited to: an explanation of why the Position at Issue was announced as a 512 and not a 343 series position; a list of any and all measures and criteria Defendant used to assess the candidate' qualifications; and a detailed description of who was involved in making these decisions and the scope of their involvement in these decision-making processes.

RESPONSE TO INTERROGATORY NO. 7:

At the direction of then Commissioner Rossotti, there was a freeze on GS-343 positions.  There was an effort to reduce the number of existing GS-343 general analyst positions and move them to more technical analyst positions.

The position at issue was announced as a GS-512 because it

required technical expertise in order to support its function. The position was classified as a 512 series by the Agency's Position Management and Position Classification Branch. The attached documentation lists the qualifications for a GS-512 as defined by OPM.

The position was announced as a nationwide opening. Sheila Jones and Pamula Robinson were the only applicants. Human Resources determined that the Plaintiff was not minimally qualified for the position because she lacked the required experience in the 512 series. As such, Sheila Jones was the only qualified applicant forwarded to Dave Geber for consideration. Sheila Jones was selected by Dave Geber and Beverly Ortega Babers for the position.

INTERROGATORY NO. 8

State the full extent of Mr. Gerber's [sic] knowledge prior to May 2003 about Plaintiff Pamula Robinson's eligibility for and interest in the Position at Issue. The response must include, but should not be limited to: a statement regarding whether Mr. Gerber [sic] knew that Plaintiff was interested in obtaining a promotion at that time; that she had sought and applied for promotions to GS-14 positions prior to May 2003; that she was likely to apply for the Position at Issue; that she had never held a 512 series position; that 343 series experiences were not

-13-

generally creditable to the Position at Issue; that he had the ability and/or authority to make 343 series experiences creditable to the Position at Issue; and that by not making 343 series experiences creditable to the Position at Issue he would be preventing Plaintiff from qualifying for it.

RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 8:

RESPONSE: Mr. Geber was generally aware that Ms. Robinson was interested in positions at the GS-14 level and that she had applied for other positions.  Ms. Robinson never spoke to Mr. Geber about the position at issue.  Since Ms. Robinson was not minimally qualified for the position, her name did not appear on the promotion certificate forwarded by Human Resources.  Mr. Geber had no knowledge as to whether or not the Plaintiff had applied for the position at issue, and had no ability to consider her for the position.  Mr. Geber knew that Ms. Robinson had not held a GS-512 position immediately prior to joining the Office of Appeals and knew that the Appeals Officer and Analyst positions that she held were not in the 512 series.  Because position qualification is the sole responsibility of Human Resources, Mr. Geber was not specifically aware of the relationship between 343 series experience and qualification for the 512 series.  Mr. Geber had no authority to make 343 experience creditable for the position at issue, nor did he have any knowledge of whether anyone had applied and been deemed ineligible.

-14-

following summary:

RESPONSE: The attached Position Description, which is part of the documentation labeled "Doc. Prod. 2", offers information relevant to this interrogatory.  The work duties for the position at issue required specific accounting knowledge and technical expertise in order to support Internal Revenue Agents.  The Plaintiff had only general experience in a Head Quarters position.  Ms. Jones had vast experience in the field working in the 512 series, which qualified her for the position at issue.

INTERROGATORY NO. 18

List any and all formal or informal counselings, complaints, or disciplinary actions of any kind whatsoever involving Mr. Gerber [sic], Ms. Ortega Babers, Ms. DeAngelis, or Mr. Sprott, stating the name of the complainant, the nature of the complaint, and the disposition or resolution of the complaint.  This Response must include, but should not be limited to, any EEO Complaints that identified these individuals as a complainant, an offending official or a witness.

RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 18:

Defendant objects to the interrogatory as vague and overbroad, insofar as Plaintiff has sought "formal or informal counselings, complaints . . . of any kind whatsoever. . ."  To the extent that responsive information could be located after a reasonable search, but is related to the privacy interests of

-23-

individuals not a party to this lawsuit under the Privacy Act, 5 U.S.C. § 552a, and is not subject to other objections, said information or documents shall be produced only upon issuance of an appropriate Protective Order authorizing and protecting the dissemination of said materials. Subject to and without waiving any objection, Defendant responds as follows:

Mr. Geber was the subject of a complaint approximately 30 years ago while working for International Operations. A decision stated that no discrimination had occurred.

INTERROGATORY NO. 19

If Defendant believes Plaintiff Pamula Robinson was not subjected to discrimination, state all of the facts and reasons that support that conclusion.

RESPONSE AND OBJECTIONS TO INTERROGATORY NO. 19:

Defendant objects to this Interrogatory as unduly burdensome and on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and not waiving this objection, Defendant responds as follows:

The position at issue was announced in the GS-512 series consistent with the direction from former Commissioner Rossotti that froze the GS-343 series. The qualification standards for the GS-512 series are defined by OPM and have been in place for many years and were not altered for this position. In announcing

-24-

was Ms. Jones' second-line supervisor (and/or performance rating official) in 2003.

 Admitted.

 Request For Admission No. 9.  Admit that Ms. Robinson has served as a GS-343-13 Program Analyst in the Appeals Office of IRS since 1989.

 Admitted.

 Request For Admission No. 10.  Admit that Ms. Robinson is a highly qualified GS-13 Program Analyst.

 Defendant denies that Plaintiff is "highly" qualified, but admits that Plaintiff is qualified for her position and receives successful annual performance evaluations.

 Request For Admission No. 11.  Admit that Ms. Robinson has evaluated and administered the program policies, procedures, and practices that Appeals Officers and other Appeals employees operate under in the field.

 Defendant denies that Plaintiff has evaluated or administered each of the program policies, procedures and practices that Appeals Officers and other Appeals employees operate under in the field, but admits that Plaintiff, like all similar analysts, has from time-to-time served certain of these functions as individual responsibilities have been assigned to her.

 Request For Admission No. 12.  Admit that Ms. Robinson has

-41-

the program.  As such, the program was reassigned to a GS-14 who would be capable of fulfilling the additional expectations.

   Request For Admission No. 15.  Admit that Ms. Robinson has performed duties that were previously performed by white GS-14 employees.

   Denied.  See response to Request For Admissions No. 14.

   Request For Admission No. 16.  Admit that Ms. Robinson has performed duties that were subsequently performed by white GS-14 employees.

   Denied.  See response to Request For Admissions No. 14.

   Request For Admission No. 17.   Admit that between 1994 and 1998, Ms. Robinson served as the coordinator for the Technical Analyst program.

   Admitted.

   Request For Admission No. 18.  Admit that in 1998, the Technical Analyst program was moved to the Tax Policy & Procedure LMSB and TE/GE at the Office of Appeals.

   Defendant admits that in 1998 a Technical Analyst program was transferred to Tax Policy & Procedure, but denies that following the 1998 reorganization the Technical Analyst program was similar in nature or function to the program that preceded the reorganization.

   Request For Admission No. 19.  Admit that when the Technical Analyst program was moved to the Tax Policy & Procedure LMSB and

-43-

TEGE at the Office of Appeals a white employee assumed the duties of that position.

Denied, except to admit that in 1998 a Technical Analyst program was transferred to Tax Policy & Procedure, and that following the 1998 reorganization the Technical Analyst program was not similar in nature or function to the program that preceded the reorganization and that a white employee assumed the duties of the new program.

Request For Admission No. 20. Admit that the position at issue was the Technical Analyst program coordinator position.

Defendant denies that the position at issue in this litigation was the Technical Analyst program coordinator position, but admits that the analyst selected would have handled many programs, including the Technical Analyst program.

Request For Admission No. 21. Admit that prior to 2003, the coordinator for the Technical Analyst program had always been a 343 series position.

Denied.

Request For Admission No. 22. Admit that Ms. Robinson performed duties she would have been expected to perform had she been selected to fill the Position at Issue.

Defendant denies that Plaintiff has performed the essential duties of the GS-14 level position at issue in this litigation, but admits that certain basic duties may have been shared, such

-44-

series position.

Denied, except to admit that Mr. Geber requested the position be announced in a series that had been approved for other analysts since Commissioner Rossotti's directive to freeze the GS-343 series.

Request For Admission No. 27. Admit that Mr. Gerber [sic] was responsible for promulgating the Vacancy Announcement for the Position at Issue.

Denied, except to admit that Mr. Geber requested the announcement be made.

Request For Admission No. 28. Admit that prior to May 2003, Mr. Gerber [sic] knew Ms. Robinson was interested in obtaining a promotion to a GS-14 position.

Denied, except to admit that Mr. Geber knew Plaintiff was generally interested in a promotion.

Request For Admission No. 29. Admit that prior to May 2003, Mr. Gerber [sic] knew Ms. Robinson had applied for promotions to GS-14 positions.

Admitted.

Request For Admission No. 30. Admit that prior to May 2003, Mr. Gerber [sic] knew Ms. Robinson was likely to apply for the Position at Issue.

Denied. Mr. Geber had no knowledge of whether or not the Plaintiff might apply.

Request For Admission No. 31. Admit that prior to May 2003, Mr. Gerber [sic] knew Ms. Robinson had never held a 512 series position.

Admitted that, to the best of Mr. Geber's knowledge, Ms. Robinson had never held a series 512 position.

Request For Admission No. 32. Admit that prior to May 2003, Mr. Gerber [sic] knew that 343 series experiences were not generally creditable to 512 series positions.

Denied except to admit that Mr. Geber had inquired on behalf of his own employees as to the eligibility of the employees to be converted from the GS-343 series to the GS-512 series and that he was told it had not happened.

Request For Admission No. 33. Admit that prior to May 2003, Mr. Gerber [sic] knew that he had the ability and/or authority to make 343 experiences creditable to the Position at Issue.

Denied. Determining qualification standards and applying them is a function of Human Resources. Mr. Geber had no authority to make GS-343 series experiences creditable to the position at issue.

Request For Admission No. 34. Admit that prior to May 2003, Mr. Gerber [sic] knew that by not making 343 series experiences creditable to the Position at Issue he would be preventing Ms. Robinson from qualifying for the position.

Denied. Ms. Robinson did not express an interest in the

-47-

Request For Admission No. 40. Admit that Ms. Jones' application for the Position at Issue was not complete when she submitted it.

Denied. On May 14, 2003, Ms. Jones faxed her completed application to Michele McDonald.

Request For Admission No. 41. Admit that a current Performance Appraisal was required as part of application for the Position at Issue.

Admitted.

Request For Admission No. 42. Admit that Ms. Jones submitted a Performance Appraisal as part of her application for the Position at Issue after June 4, 2003.

Denied. Ms. Jones included her then most recent performance appraisal in the document faxed to Michele McDonald on May 14, 2003.

Request For Admission No. 43. Admit that when Mr. Geber signed Ms. Jones' June 2003 Performance Appraisal, he knew that Ms. Jones had applied for the Position at Issue.

Admitted.

Request For Admission No. 44. Admit that when Ms. Ortega Babers signed Ms. Jones' June 2003 Performance Appraisal, she knew that Ms. Jones had applied for the Position at Issue.

Denied.

Request For Admission No. 45. Admit that Defendant violated

-49-

  Denied.  Mr. Gerber would not have submitted the SF-52 with Ms. Jones' name inserted prior to selection by Ms. Babers.

  Request For Admission No. 50.  Admit that between May and December 2002, Ms. Jones was working as a GS-343-14 Program Analyst.

  Defendant admits that Ms. Jones did a detail to the GS-343-14 Program Analyst position.

  Request For Admission No. 51.  Admit that IRS records indicate that after December 2002, Ms. Jones was working as a GS-512-13 Tax Computation Specialist.

  Admitted.

  Request For Admission No. 52.  Admit that despite any IRS records to the contrary, after December 2002, Ms. Jones was working in LBS Operations.

  Defendant admits that Ms. Jones remained in LBS to tie up loose ends for a month or less following her detail, but denies that IRS records are necessarily to the contrary.

  Request For Admission No. 53.  Admit that Ms. Jones had basically been performing the duties of a Program Analyst between October 2001 and April 2003.

  Admitted.

  Request For Admission No. 54.  Admit that Ms. Jones was not performing the duties of an Internal Revenue Agent between October 2001 and April 2003.