UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMULA ROBINSON,            ) | |
| )  | |
| Plaintiff,            ) | |
| )  | |
| v.            ) | Civil Action No. 05-1212 (RBW)(DAR) |
| )  | |
| HENRY PAULSON            ) | |
| SECRETARY OF THE TREASURY, ) | |
| )  | |
| Defendant.            ) | |
| _____) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE**

Plaintiff Pamula Robinson, by and through undersigned counsel, hereby files her Statement of Material Facts in Dispute in support of her Opposition to Defendant's Motion for Summary Judgment, and states as follows:

1. Undisputed.

2. Undisputed that in February 2002, the IRS initiated a freeze on all GS occupational series vacancies. Disputed that this freeze motivated David M. Geber to reclassify the GS-14 Senior Program Analyst position at issue from the 343 series to the 512 series. See Pl's Opp. To Mot. for Sum. Judgment at 11-14, 36-37.

3. Undisputed.

4. Undisputed.

5. Disputed. It was generally understood that the freeze was implemented because 343 series positions were "deemed to be too general." See Ex. 1 at 50-51, 63-65. However, the experience Ms. Robinson obtained by virtue of her varied duties in the 343 series broadened her experience and made her a better federal employee. See e.g., Ex 7 at 49 (343 Analysts "without limitation [can] do a range of things"). The 343 "duties can be very varied" and 343 series

employees do "a lot of different things." See Ex. 3 at 26, 44; see also Ex. 3 at 26-27 ("To know what a 343 does, you really have to ask the person what they do").

6. Undisputed.

7. Disputed. Geber's first-level supervisor, Beverly O. Babers did not discuss any such conversions with Geber and she was not involved in any conversions, Geber was not able to state when the alleged conversions took place, and documents produced by Defendant do not support Defendant's assertions that any such conversions took place. Mr. Perdue and Ms. Harris are currently assigned to the 930 series. Mr. Cohen occupies a 343 series position. See Ex. 1 at 44, 51, 63-64; Ex. 7 at 52, 62-63; Ex. 29 (See Def's Resp. to Interrog. No. 2); Ex. 30.

8. Disputed. Geber's claims he converted Gene Perdue (white), Sandy Cohen (white), Michelle Topel (white), and "possibly, I am not positive, Jacqueline Harris" (African American) from 343 to 512. See Ex. 1 at 51. Based on Geber's lack of credibility and the lack of supporting documentation, Plaintiff is unwilling to accept his assertions about what he "possibly" did as fact.

9. Undisputed that Geber requested the Vacancy Announcement Number APB-03-138MM. Disputed that Geber served only as the "recommending official" for the selection at issue. See e.g. Def's Interrog. Resp. No 7 ("Jones was selected by Dave Geber and Beverly Ortega Babers for the position").

10. Disputed. See Pl's Opp. To Mot. for Sum. Judgment at 11-14, 34-37.

11. Undisputed.

12. Undisputed.

13. Undisputed that Carson Sprott found that the Plaintiff was not qualified. Disputed that this was an accurate determination of her qualifications. See Pl's Opp. To Mot. for Sum. Judgment at 4-10, 27-29.

14. Undisputed.

15. Undisputed that Mr. Sprott understood a candidate had to have specialized experience "equivalent at least to the next lower grade." See Ex. 3 at 56. Disputed that he believed a candidate could only obtain this specialized experience by having occupied a lower-level position within the same series as the advertised vacancy. See Ex. 3 at 56; see also Def's Resp. to Req. for Admission No. 70. Disputed that Mr. Sprott accurately assessed Ms. Robinson's qualifications for the position at issue. See Pl's Opp. To Mot. for Sum. Judgment at 4-10, 27-29.

16. Undisputed.

17. Undisputed that 512 series positions has "stringent" educational requirement and based solely on this fact the IRS considers it to be "the most complex position." See Ex. 3 at 24. However, Ms. Robinson has a mastery of accounting principles or auditing techniques by virtue of her education and she met the educational requirements of the 512 position. See Ex. 6 at 49, 66.

18. Undisputed that Mr. Sprott reviewed Ms. Robinson's application packet and the Qualification Standards Handbook. Disputed that he accurately assessed Ms. Robinson's qualifications for the position at issue. See Pl's Opp. To Mot. for Sum. Judgment at 4-10, 27-29.

19. Undisputed that Mr. Sprott determined that the Plaintiff was not minimally qualified for the position. Disputed that he accurately assessed Ms. Robinson's qualifications for the position at issue. See Pl's Opp. To Mot. for Sum. Judgment at 4-10, 27-29.

20. Disputed that this is an accurate description of Mr. Sprott's understanding because Mr. Sprott has no recollection of having given this statement from which this assertion is made. See Ex. 6 at 9. Also Disputed that Ms. Robinson did not dispute the assertions contained therein. See Depo. of Pamula Robinson at 63 (Sept. 12, 2006) (Plaintiff asserted that she did not have facts with which to dispute the underlying statement with her during her deposition and she did not claim that

the statement itself is undisputed).

21. Undisputed that Mr. Sprott did not know the Plaintiff or her race when he made the qualification determination. Disputed that this information relieves Defendant of liability under the "cat's paw" doctrine. See Pl's Opp. To Mot. for Sum. Judgment at 25-26, 34-35.

22. Undisputed.

23. Disputed. Ms. Robinson stated that during her tenure in 343 series positions she did not do "much" or "a lot" of tax computation work. See Robinson Depo. at 20; see also id. at 19-20 (immediately preceding this portion of her deposition, Ms. Robinson estimated that as a 930, every one of her cases required tax computation work (up to 25 percent)). Also, Ms. Robinson has a mastery of accounting principles and auditing techniques by virtue of her education. See Ex. 6 at 49; 66 (she met the educational requirements for the position at issue).

24. Undisputed that Vacancy APB-03-138MM was open to applicants nationwide. Disputed that the open applicants pool prevented Geber from discriminating against Ms. Robinson or manipulating the merit promotion process by, for example, preselecting Jones for the position. See Ex. 1 at 50, 58-60; Ex. 3 at 58-59; Ex. 17.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed that Geber recommended Jones for the position and that Babers signed the Selection Certificate on June 20, 2003. Disputed that Jones was "the only qualified candidate" or that this information relieves Defendant of liability under the "rubber stamp" doctrine. See Pl's Opp. To Mot. for Sum. Judgment at 25-26, 34-35.

29. Undisputed.

30. Undisputed that Babers signed the Selection Certificate on June 20, 2003. Disputed only that Babers served as the "selecting official" for the selection at issue or that this information relieves Defendant of liability under the "rubber stamp" doctrine. See e.g. Def's Interrog. Resp. No 7 ("Jones was selected by Dave Geber and Beverly Ortega Babers for the position"); Pl's Opp. To Mot. for Sum. Judgment at 25-26, 34-35.

31. Disputed. Babers signed the Selection Certificate on June 20, 2003, based on Geber's recommendation. See Ex. 1 at 25-26, 57, 81; Ex. 7 at 66-67.

32. Undisputed that Plaintiff stated in her deposition that [she has no facts upon which to rely to support the conclusion that Ms. Babers intentionally discriminated against her in making the selection decision to fill the position announced in vacancy Announcement APB-03-138MM]. Disputed that this information relieves Defendant of liability under the "rubber stamp" doctrine. See Pl's Opp. To Mot. for Sum. Judgment at 25-26, 34-35.

                Respectfully submitted,

                _____/s/_____
                JOSEPH D. GEBHARDT
                    (D.C. Bar No. 113894)
                CHARLES W. DAY, JR.
                    (D.C. Bar No. 459820)
                MARK A. DANN
                    (D.C. Bar No. 484523)
                GEBHARDT & ASSOCIATES, LLP
                1101 17th Street, N.W.
                Suite 807
                Washington, DC 20036-4716
                (202) 496-0400

December 29, 2006                Attorneys for Plaintiff