UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMULA ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENRY PAULSON )<br>SECRETARY OF THE TREASURY, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-1212 (RBW)(DAR) |

**PLAINTIFF'S SUPPLEMENT TO HER OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Pamula Robinson, by and through undersigned counsel, hereby supplements her Opposition to Defendant's Motion for Summary Judgment ("Motion"), and states as follows.

**I.   Additional Information Shows That One of Defendant's Stated Reason for Changing the Position's Series Is False and a Pretext for Discrimination.**

Defendant claims David M. Geber changed the Technical Analyst Program Coordinator position's series from 343 to 512 to align it with other Large Case positions that were previously converted to the 512 series. See Mot. at 3 ("Geber requested that the vacancy be announced in the 512 series ... in order to maintain consistency, since all eligible 343 employees in his section had already been converted to 512"); see also Opp. Ex. 1 at 70.  This assertion is one of Defendant's two supposedly legitimate, nondiscriminatory reason for changing the position's series.  See Mot. at 3 Defendant claims David B. Robison directed Geber to convert his subordinates employees from the 343 to 512 series. See Opp. Ex. 1 at 55-56, 63-64, 94.  It claims that Geber complied by converting Gene Perdue (white), Sandy Cohen (white), Michelle Topel (white), and "possibly" Jacqueline Harris (African American) to the 512 series. See Opp. Ex. 1 at 44, 51, 63-64.  Plaintiff's Opposition offered several reasons why Defendant's assertions are not credible.  See Pl's Opp. at 37-38.  But,

newly discovered information (see three attached declarations) demonstrates the utter falsity of these claims, highlights their pretextual nature, and supports Plaintiff's allegation that Geber actually changed the position's series to prevent her from being considered for selection. See Decl of Sandy Cohen (Jan. 25, 2007), copy attached as Exhibit 31; Decl of Jacqueline A. Harris (Jan. 24, 2007), copy attached as Exhibit 32; Decl of Gene H. Perdue (Jan. 24, 2007), copy attached as Exhibit 33.

First, Geber decided to change the series of the Technical Analyst Program Coordinator position prior to any conversions, not afterwards as Defendant claims. See contra Mot. at 3. Geber knew as early as April 8, 2003, that he was going to announce the position as a 512 when he declared his intention to pre-select Sheila Jones (white) instead of Ms. Robinson. See Opp. Ex. 1 at 58-60; Opp. Ex. 17. At that time, Mr. Cohen, Mr. Perdue, and Ms. Harris all occupied 343 series positions. See Ex. 31, 32, 33. It is clear that the conversions on which Defendant is relying took place a month later on May 4, 2003, after Geber had already decided to alter the series of the position at issue.[1] Thus, Defendant's reason is a post hoc rationalization, which this Court must not condone. See Townsend v. WMATA, 746 F. Supp. 178, 186 (D.D.C. 1990) (a post hoc rationalization "carries the seeds of its own destruction") (quoting Bishopp v. D.C., 788 F.2d 781, 789 (D.C. Cir. 1986)); see also Price Waterhouse v. Hopkins, 490 U.S. 228, 252 (1989) (defendant may not proffer a reason that "did not motivate it at the time of the decision"). Cf. Miller-El v. Dretke, 545 U.S. 231, 246 (2005) (finding it "difficult to credit [a] new explanation, which reeks of afterthought" and criticizing the lower court's decision to ignore the "pretextual timing" of a "substitute reason").

Second, evidence suggests that Geber was not required to convert the Large Case employees

---

[1] This may help to explain why Geber was so unwilling to state during his deposition when the alleged conversions actually took place. See Opp. Ex. 1 at 51. He equivocated not only about when, but about whether the conversions actually took place. See id. ("I believe, prior to this, I had converted my other 343's into 512 positions," "I do not have the dates available.").

to 512 series positions as Defendant claims. See contra Opp. Ex. 1 at 55-56, 63-64, 94. As an initial matter, Ms. Harris (African American) was not converted to 512, and Mr. Perdue and Mr. Cohen only briefly occupied 512 series positions. See Exs. 31, 32, 33. Moreover, Mr. Cohen was asked if he had a preference for either the 512 or 930 series. See Ex. 31; see similarly Opp. Ex. 1 at 44. Likewise, Geber gave Ms. Harris the option of remaining in the 343 series or being converted to the 930 series (not the 512 series). See Ex. 32. If Robison ordered Geber to convert the Large Case employees to the 512 series as Defendant claims, neither Mr. Cohen nor Ms. Harris would have been given such choices. Also, a reasonable jury would find it very telling that Geber was prepared to allow Ms. Harris, the only African American under his supervision, to remain in the 343 series, which he asserts was a dead-end series. See Ex. 32. Geber's offer to let her remain in the 343 series is not only evidence of racially disparate treatment (Mr. Cohen was told he was being converted), but also contradicts Defendant's claim that Geber was required to eliminate all of the 343 series positions in Large Case.

Third, when the selection at issue occurred, Mr. Perdue, Mr. Cohen, and Ms. Harris occupied 930 series positions, not 512 series positions as Defendant claims. See contra Mot. at 3. The evidence suggests Geber may have mis-classified Mr. Perdue and Mr. Cohen by briefly converting them to 512 series, but the mis-classifications were quickly corrected. See Exs. 31, 33. Mr. Cohen occupied a 512 series for only 14 days before Defendant converted him to the 930 series on May 4, 2003. See Ex. 31. Similarly, Mr. Perdue was converted so quickly between the 343, 512, and 930 series that he did not even remember being in a 512 during the relevant period. See Ex. 33. Finally, Ms. Harris was never placed into the 512 series; she was converted directly from the 343 to the 930 series on May 4, 2003. See Ex. 32. The vacancy for the position at issue was announced on May 5, 2003, and the selection was made on June 20, 2003, see Opp. Exs. 18, 28, and contrary to

3

Defendant's claims Mr. Perdue, Mr. Cohen, and Ms. Harris occupied 930 series position at that time. Thus, Defendant's stated objective of aligning the position at issue with the other Large Case positions is simply false.

The falsity of Defendants' stated reason is evidence of intentional discrimination and supports Plaintiff's claims. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). A defendant's dishonesty about a material fact is considered highly probative, and a "trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." See Reeves, 530 U.S. at 148-49. See also Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1292 (D.C. Cir. 1998) (en banc) ("when the plaintiff rebuts the employer's own explanation of its challenged acts, this eliminates the principal nondiscriminatory explanation for the employer's actions"). If Defendant truly sought to align the Large Case positions for the sake of consistency, the Technical Analyst Program Coordinator position would have been announced as either a 343 or 930 series position. Large Case employees held 343 series position in April 2003 and 930 series positions in June 2003. See Exs. 31, 32, 33. Instead, Geber chose to make it a 512 series position – the only 512 series position announced during his tenure as Director of Large Case. See Opp. Ex. 1 at 54.

The 512 series is not associated with the work performed in Appeals, see Ex. 31, and before Geber reclassified the Technical Analyst Program Coordinator position, its duties were performed by employees assigned to the 343 series (including Sheila Jones), see Opp. Ex. 1 at 35-36, 41-42, 50; Opp. Ex. 5 at 21-22, 26-27, 63; Opp. Ex. 4 at 33-34, 63-64, 67, 81. Yet, Geber changed the position's series knowing that his actions would prevent Ms. Robinson from being considered, thereby assuring that Ms. Jones, the white candidate, would be selected by virtue of her previous 512 experience. Geber's decision to announce the position as a 512 remains an anomaly for which

Defendant has offered no credible justification, and a reasonable jury could find that the decision was motivated by discriminatory animus consistent with the evidence.

## **CONCLUSION**

The declarations of Mr. Perdue, Mr. Cohen, and Ms. Harris, in addition to the evidence contained in Plaintiff's Opposition, demonstrate that there are genuine disputes of material fact over Defendant's reasons for mis-classifying or re-classifying the position at issue. Accordingly, Defendant's Motion for Summary Judgment should be denied.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  JOSEPH D. GEBHARDT
                                                      (D.C. Bar No. 113894)
                                                  CHARLES W. DAY, JR.
                                                      (D.C. Bar No. 459820)
                                                  MARK A. DANN
                                                      (D.C. Bar No. 484523)
                                                  GEBHARDT & ASSOCIATES, LLP
                                                  1101 17th Street, N.W., Suite 807
                                                  Washington, DC 20036-4716
                                                  (202) 496-0400

January 25, 2007                                            Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Supplement to her Opposition to Summary Judgment and Exhibits 31-33 was served this 25th day of January 2007, via electronic case filing through the Court, upon counsel for Defendant:

>William Mark Nebeker, Esq.
>U.S. Attorney's Office
>501 3rd Street, N.W.
>Washington, DC 20530

                                          /s/
                                 MARK A. DANN