UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMULA ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1212 (RBW)(DAR) |
| ) | |
| HENRY PAULSON ) | |
| SECRETARY OF THE TREASURY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT REPLY**

Plaintiff Pamula Robinson, by and through undersigned counsel, hereby moves to strike portions of Defendant's Reply to Plaintiff's Opposition Motion for Summary Judgment ("Reply"), and states as follows.

**I.  Defendant's Assertion That Plaintiff Failed to File a Response to its Statement of Material Facts Is False and Should Be Stricken from the Record.**

Simple, cursory review of the electronic Docket Report for the above-captioned case reveals that on December 29, 2006, Plaintiff filed a Statement of Material Facts in Dispute along with her Opposition to Defendant's Motion for Summary Judgement. See Docket No. 21 (PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE ¶¶ 1-32). Thus, Defendant's claim that Plaintiff failed to proffer a "statement in response to ... Defendant's [32-

paragraph] Statement Of Material Facts Not In Genuine Dispute" is patently false and should be stricken from the record. See Def's Reply at 1; see also id. at 2 ("Plaintiff has not specifically addressed the factual statements presented in the statement of material facts accompanying Defendant's filings").

Defendant compounds this first false claim by making two equally erroneous assertions. First, Defendant argues that by allegedly failing to file a response to Defendant's Statement of Material Facts, "Plaintiff has offered no basis to proceed further and [] summary judgment in favor of Defendant is appropriate." See Def's Reply at 1. Defendant also argues that because Plaintiff allegedly failed to "address[] the facts identified and supported by Defendant; [] they should be deemed admitted. See Def's Reply at 2 (citing Local Civ. R. 7(h); 56.1).[1]

---

[1] With an irony that is evidently lost on the Defendant, its has made these arguments with no reference to its own failure to properly and timely file Exhibits to its Motion for Summary Judgment. See Docket No. 18 (Motion for Summary Judgment without Exhibits). Instead of filing any Exhibits with its original Motion, Defendant filed without leave of the Court a belated Notice of Filing on November 20, 2006 (five days later) with its Exhibits attached. See Docket No. 19 (Notice of Filing). Represented by the Department of Justice at the U.S. Attorney's Office, Defendant offered no explanation for why it failed to timely file its Exhibits. Instead, it stated, in its entirety: "Defendant hereby files the exhibits to defendant's Motion for Summary Judgment filed on November 15, 2006. The exhibits, which are voluminous, will be filed in accordance with the Court's ECF rules." See Notice of Filing.

## II. Defendant's Reply Illustrates the Need for a Trial on the Merits.

In a tacit concession that Plaintiff has proven her <u>prima facie</u> case, Defendant admits that "it makes [] sense to proceed to assess the evidence [in this case], including that legitimate reason for posting the vacancy as a 512 position." <u>See</u> Def's Reply at 6 n. 2. Defendant's Reply, like Plaintiff's Opposition, is very fact-specific and relies extensively on facts that are either hotly disputed or require credibility assessments (although Defendant states them in a conclusory fashion). For example, confronted with supplemental evidence that proves David M. Geber made false statements in during his deposition, Defendant makes the incredible claim that "[w]hether Mr. Geber converted his employees to the 512 or 930 series is immaterial" while simultaneously asserting the supposed conversions as statements of fact.[2] <u>See</u> Def's Reply at 10. Given Defendant's continued reliance on false and incredible statements, any

---

[2] Defendant perpetrates Mr. Geber's false statements by claiming he "converted Caucasian <u>and African-American</u> employees from 343 <u>to 512</u> series during the freeze in 2002." <u>See</u> Def's Reply at 4 ¶ 8 (emphasis added). However, as set forth in Plaintiff's Supplement to Her Opposition to Defendant's Motion for Summary Judgment, the only African American employee Mr. Geber claims to have converted to the 512 series, Jacqueline Harris, was not converted to the 512 series. <u>See</u> Pl's Suppl Ex. 2.

claims advanced in Defendant's Reply are necessarily suspect. Since Defendant's claims are demonstrably false, its Reply demonstrates the need for this case to be decided at trial where all the evidence can be properly assessed and the jury trying the facts can accurately judge the witnesses' credibility. "Title VII [does not] authorize federal judges to become super-jurors, weighing evidence and drawing independent conclusions regarding the ultimate question of discrimination." Barbour v. Browner, 181 F.3d 1342, 1354 (D.C. Cir. 1999) (Tatel, J., concurring and dissenting).

    A discrimination case based on circumstantial evidence presents a special problem for summary judgment motions because information concerning an actor's motivation or state of mind generally entails drawing factual inferences as to which reasonable people might differ — a function traditionally left to the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Moreover, "[s]ummary judgment in favor of the party with the burden of persuasion, however, is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." Hunt v.

<u>Cromartie</u>, 526 U.S. 541, 553 (1999). "The task of assessing a [decision maker's] motivation, however, is not a simple matter; on the contrary, it is an inherently complex endeavor, one requiring the trial court to perform a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." <u>Id</u>. at 546. For this reason, it is a task for which a jury is best suited.

## **CONCLUSION**

For the reasons stated above, Plaintiff notes the egregious errors in Defendant's Reply and renew her requests that Defendant's Motion for Summary Judgment be denied.

                                          Respectfully submitted,

                                            /s/
                                     JOSEPH D. GEBHARDT
                                          (D.C. Bar No. 113894)
                                     CHARLES W. DAY, JR.
                                          (D.C. Bar No. 459820)
                                     MARK A. DANN
                                          (D.C. Bar No. 484523)
                                     GEBHARDT & ASSOCIATES, LLP
                                     1101 17th Street, N.W.
                                     Suite 807
                                     Washington, DC 20036-4716
                                     (202) 496-0400

February 16, 2007                    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Sur Reply to Defendant's Motion for Summary Judgment was served this 16th day of February 2007, via electronic case filing through the Court, upon counsel for Defendant:

>William Mark Nebeker, Esq.
>U.S. Attorney's Office
>501 3rd Street, N.W.
>Washington, DC 20530

                                              /s/
                                     MARK A. DANN