UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMULA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1212 (RBW) |
| | ) |
| HENRY PAULSON | ) |
| SECRETARY OF THE TREASURY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT REPLY**

Plaintiff Pamula Robinson, by and through undersigned counsel, hereby replies to Defendant's Response to her Motion to Strike Portions of Defendant's Summary Judgment Reply, and states as follows.

**I. Defendant Should Not Be Permitted to File an Amended Reply Because the Proper Remedy to Plaintiff's Motion is to Strike the Offending Portions of Defendant's Reply.**

Defendant concedes that Plaintiff's Motion to Strike has merit, that its Summary Judgment Reply contained false statements that must be stricken from the record, and that "the Court should not be guided by [its] mistaken arguments." See Def's Resp. at 1-2.  However, rather than allowing the Court to simply disregard the offending portions of its Reply, Defendant seeks to file an Amended Reply that eliminates its prior false state-

ments <u>and</u> actually makes additional arguments not previously raised in its original Reply. Under the guise of "clarify[ing] for the Court where the parties agree on the relevant facts," Defendant attempts to take a second bite at the proverbial apple. <u>See</u> Def's Resp. at 2 ("Amended Reply ... does attempt to clarify ... instances where Plaintiff has [allegedly] failed to support a challenge to the proffered facts").

Rather than striking (i.e., shortening) portions of its Reply, Defendant's Amended Reply actually lengthens its arguments by almost two pages. The Amended Reply contains four new editorial footnotes and up to four additional paragraphs of text. Defendant also takes this opportunity to change certain glaring (but revealing) text from its original Reply. <u>Compare</u> Def's Reply at 15 ("Mr. Geber was <u>selecting</u> the only qualified applicant...") <u>with</u> Def's Amend. Reply at 16 ("Mr. Geber was <u>recommending</u> the only qualified applicant...") (emphasis added). This not only contradicts the notion of striking something from the record, but is fundamentally unfair and prejudicial to the Plaintiff.

Principals of fundamental fairness and rules of procedures are in place to prevent parties from belatedly proffering new theories or arguments that were previously available to them.

2

Here, Defendant was in possession of Plaintiff's Statement of Material Facts in Dispute, and it had every opportunity to properly respond to these Statements in its original Reply.[1] Defendant also had the underlying record, so any patently false claims contained in its Reply are inexcusable. Compare Def's Reply at 4 ¶ 8 ("Geber converted Caucasian and African-American employees from 343 to 512 series during the freeze in 2002") with Def's Amend. Reply at 4 ("* * *").[2] While Plaintiff counsel appreciates the difficulty of maintaining case files, Defendant's errors must not be used as a pretext for changing its positions on issues or a guise for adding new arguments. This Court is fully capable of disregarding any offending statements previously highlighted by Plaintiff's Motion to Strike. Plaintiff also trust the Court's ability to contrast the respective Statements of Fact without Defendant's "attempt to clarify"

---

[1] Indeed, Defendant was granted two extensions of time to file its Reply and had a total of 48 days to prepare it. See Minute Order (Jan. 25, 2007); Minute Order (Feb. 12, 2007).

[2] It should be noted that Plaintiff did not move to strike this assertion from Defendant's original Reply. See Pl's Mot. to Strike at 3. Instead, she noted that such demonstrably false statements raise questions of credibility and illustrate the need for a trial on the merits ("falsus in uno, falsus in omnibus"). Plaintiff would also argue that such wanton carelessness taints Defendant's entire basis for summary judgment.

them.  Accordingly, the proper remedy for Plaintiff's Motion is to strike the offending portions of Defendant's Reply without granting it any further additional arguments.

### CONCLUSION

For the reasons stated above, Defendant's request to file an Amended Motion for Summary Judgment Reply should be denied. As stated in Plaintiff's Motion to Strike, the Court should note the errors in Defendant's original Reply and deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
JOSEPH D. GEBHARDT
    (D.C. Bar No. 113894)
CHARLES W. DAY, JR.
    (D.C. Bar No. 459820)
MARK A. DANN
    (D.C. Bar No. 484523)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

March 9, 2007                    Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Reply to Defendant's Response to Motion to Strike Defendant's Summary Judgment Reply was served this 9th day of March 2007, via electronic case filing through the Court, upon counsel for Defendant:

>William Mark Nebeker, Esq.
>U.S. Attorney's Office
>501 3rd Street, N.W.
>Washington, DC 20530

                              _____/s/_____
                              MARK A. DANN